**In re Rule 11 Subpoena, David S. MANN, a Witness.**

**Misc. No. 89–127–P.**

United States District Court, D. Maine.

Jan. 12, 1990.

Jonathan R. Chapman, Asst. U.S. Atty., Portland, Me., for the Government.

David S. Turesky, Portland, Me., for respondent.

OPINION

GENE CARTER, Chief Judge.

This Court issued on November 17, 1989 its Order to Show Cause why the respondent, David S. Mann, should not be held in contempt of Court, pursuant to Fed.R. Crim.P. 17(g), for failure to appear before this Court on November 16, 1989, pursuant to a subpoena issued by the Clerk of this Court on October 27, 1989, and reflecting, by way of return of service, service of the subpoena upon the respondent on November 13, 1989. After appropriate pretrial proceedings, the matter was brought on for trial before this Court on December 28, 1989. Counsel for the parties have now filed written legal memoranda herein. The Court herewith renders its adjudication of the issues so generated.

The record in the case reflects that a subpoena was issued by the Clerk of this

Court on October 27, 1989, directed to the respondent, David Mann, in the matter of *United States of America v. Germain Ramirez–Fernandez*, Criminal No. 89–00024–P. That subpoena bore, on the original document, the impression of the seal of this Court. The subpoena commanded the respondent to appear before this Court in the designated matter on November 16, 1989, at 9:00 a.m.

This subpoena was served upon the respondent, David Mann, on November 13, 1989, by Scott Durst, Special Agent with the Maine Bureau of Intergovernmental Drug Enforcement (BIDE), and a Special Deputy United States Marshal. He was accompanied by BIDE Special Agent Gerard Brady in accomplishing service of the subpoena. Service was made at the residence of David Mann at 335 Cumberland Street, Westbrook, Maine. Special Agent Durst was familiar with Mr. Mann prior to the service of the subpoena. Both Durst and Brady advised the respondent of the date upon which the subpoena required the respondent to appear before this Court, November 16, 1989. Brady pointed out to Mann that he (Brady) was concerned that Mann understand, because of the short notice he was being given, that the subpoena required him to appear on the Thursday following the service—that is, three days following the date upon which the subpoena was served. The respondent indicated his understanding of this requirement after expressing concern about having to appear in court with respect to drug trafficking matters and considerable reluctance to do so. The respondent did not appear before this Court as required by the subpoena on November 16, 1989.

■ Pursuant to Fed.R.Crim.P. 17(g), a person may be found in contempt of court for failure "without adequate excuse" to obey a subpoena served upon that person. The Rule provides as follows:

> (g) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued or of the court for the district in which it issued if

it was issued by a United States magistrate.

Having carefully reviewed the record, this Court is fully satisfied that this respondent deliberately, intentionally, and willfully failed and refused to appear before the Court on November 16, 1989, knowing that the subpoena (Government Exhibit 1) served upon him on November 13, 1989 placed him under a legal obligation to do so. The Court finds that the reason he failed to do so is not that he misunderstood the date upon which he was required to appear, as he asserted at the hearing, but that for his own personal reasons he did not wish to appear at court and expose himself to the risk of incurring the displeasure of the defendants in the pending drug conspiracy case. The Court finds his failure to appear to be a willful, voluntary, and contemptuous act.

The Court does not believe the respondent's testimony, and other evidence that he has offered, to the effect that he was drunk at the time of the service of the subpoena and that he did not understand from Special Agents Durst and Brady that he was to appear before the Court on November 16, 1989.

■ Respondent raises as a defense herein the alleged lack of a seal upon the subpoena. The original subpoena has been admitted in evidence as Government Exhibit 1, and the Court has had the opportunity to examine it. It bears the stamped impression of this Court's seal. That is sufficient to indicate, as a matter of law, that the subpoena is a document issued under the *aegis* of the Court. Respondent's argument that the illegible character of the seal impression in some way prejudiced him is wholly unsupported by the evidence herein. He has never asserted as a matter of fact, and has offered no evidence to demonstrate, that he did not respond to the subpoena because he thought it to be a false or unlawfully issued process. His sole factual defense at trial has been that he was drunk at the time of service of the subpoena, did not read it, and misunderstood the instructions of the officers to appear on November 16, 1989. The record simply does not

support in any way that the respondent's failure to appear was due to any deficiency in the strength of the impression of the seal on the document.

■ Respondent also contends that the record is devoid of evidence that the person who served the subpoena, that is, Special Agent Durst, was more than eighteen years of age as required by Fed.R.Crim.P. 17(d) in respect to the qualifications of a person eligible to serve process of the Court. The return of service herein, *see* Government Exhibit 1 (obverse side), was executed by Special Agent Durst. He testified before the Court, and the Court had ample opportunity to observe him. On the basis of such observation, the Court is fully satisfied that Special Agent Durst is significantly older than eighteen years, no offense to Agent Durst intended.

Accordingly, this Court finds that the respondent, David Mann, is guilty of a contempt of the lawful process of this Court, and of this Court as the issuing Court, by reason of his failure to appear on November 16, 1989 at 9:00 a.m. in the matter of *United States of America v. Germain Ramirez–Fernandez*, Criminal No. 89–00024–P, as required by this Court's subpoena in said matter, issued on October 27, 1989, and duly served upon the respondent, David Mann, on November 13, 1989. He is herewith found to be GUILTY of said contempt.

The Court hereby ORDERS that the matter be scheduled for sentencing proceedings.