**A–Z INTERNATIONAL; Great American Insurance Company, Plaintiffs–Appellants,**

v.

**Michael James PHILLIPS, Defendant–Appellee.**

No. 01–56689.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Filed March 21, 2003.

As Amended May 1, 2003.

Lisa M. Conner, Aleccia & Conner, Long Beach, CA, for the plaintiffs-appellants.

No brief filed or appearance for the defendant-appellee.

Before B. FLETCHER, ALARCÓN, and HAWKINS, Circuit Judges.

## OPINION

ALARCÓN, Circuit Judge:

A–Z International and its insurer, Great American Insurance Company, (collectively "A–Z") appeal from the decision of the district court dismissing A–Z's action with prejudice. A–Z filed a complaint in the district court, seeking, *inter alia*, enforcement of an administrative law judge's ("ALJ") order certifying facts and recommending sanctions, pursuant to § 927(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 927(b) (2003), for Michael James Phillips's conduct before the ALJ.

We must decide whether § 927(b) authorizes a district court to sanction a claimant for contempt for filing a false claim for benefits under the LHWCA. We affirm the dismissal of this action because we conclude that a district court lacks subject-matter jurisdiction to sanction a party for contempt under such circumstances.

## I

In September 1998, Phillips filed a claim for benefits against his employer, A–Z, alleging injury on an offshore oil rig, the *Hermosa*, and seeking benefits under the LHWCA, 33 U.S.C. §§ 901–950, as extended by the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331–1356 (2000). On March 26, 1993, the ALJ denied Phillips's claim. The ALJ concluded that Phillips did not meet OCSLA's jurisdictional "situs" requirement because he was not injured on the *Hermosa.* Phillips did not file an appeal from the March 26, 1993, order denying OCSLA benefits.

On April 11, 1995, the ALJ issued a Supplemental Decision Certifying Facts and Recommending Sanctions ("Supplemental Decision") based on his finding that Phillips filed a fraudulent claim in an effort to have his injury covered by the LHWCA and determined that such fraudulent conduct amounted to "disobedience to lawful process" under 33 U.S.C. § 927(b). Section 927(b) provides, in relevant part:

If any person in proceedings before a deputy commissioner or Board *disobeys or resists any lawful order or process,* or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath refuses to be examined according to law, the deputy commissioner or Board shall certify the facts to the district court having jurisdiction ... which shall thereupon in a summary manner hear the evidence as to the act complained of, and, if the evidence so warrants, punish such person in the same manner and to the same extent as for contempt committed before the court. . . .

33 U.S.C. § 927(b) (emphasis added). The ALJ recommended that Phillips reimburse

A–Z for the amount of the total disability compensation benefits he had received while pursuing the fraudulent claim.

On December 4, 1995, the ALJ filed an order styled as an "Amended Supplemental Decision Certifying Facts and Recommending Sanctions" ("Amended Supplemental Decision"). The Amended Supplemental Decision included a recommendation of reimbursement of medical benefits provided by A–Z and reasonable attorneys' fees and costs.

Phillips appealed from the Supplemental Decision and the Amended Supplemental Decision to the U.S. Department of Labor Benefits Review Board (the "Board"). The Board reversed the ALJ's finding that § 927(b) applied to the underlying facts and vacated the certification of facts and recommendation to the district court. A–Z appealed from the Board's decision to this court. We reversed the Board's decision. We held that "where the ALJ 'certifies the facts to the district court,' it is the district court, and not the Board, which has exclusive jurisdiction over the matter." *A–Z Int'l v. Phillips*, 179 F.3d 1187, 1192 (9th Cir.1999) (quoting 33 U.S.C. § 927(b)).

On September 8, 1999, A–Z filed a complaint in the United States District Court for the Central District of California, seeking, *inter alia,* enforcement of the ALJ's order certifying facts and recommending sanctions. Phillips did not respond to the complaint or otherwise appear before the district court. Accordingly, A–Z moved to have a default judgment entered against Phillips.

On August 22, 2001, the district court dismissed A–Z's complaint with prejudice.

---

**1.** Phillips has not filed a brief or otherwise appeared or participated in this matter.

**2.** For instance, A–Z argues that jurisdiction in the district court was proper because of that court's inherent power to sanction contempt. This argument, however, begs the question.

---

*A–Z Int'l v. Phillips*, No. 99–09101, slip op. at 8 (C.D.Cal. Aug. 22, 2001). The district court noted that "neither the ALJ nor [A–Z has] cited to any legal authority that remotely suggests this novel method of recovery under the LHWCA is an appropriate use of the court's contempt power." *Id.* at 5. In addition, the district court stated that even assuming that contempt proceedings could be used to award damages, in this case it would be particularly inappropriate to use this mechanism because the purpose of civil contempt is remedial and awarding A–Z damages would not serve that goal. *See id.* at 5–7. The district court also noted that it had the discretion to grant or deny the ALJ's recommendation that sanctions be imposed for the filing of a false claim for LWHCA benefits. *Id.* at 8. The district court further concluded that "[i]n addition to its substantial doubt regarding the propriety of the proposed relief, the Court also declines, in its discretion, to utilize its contempt power to award the requested relief." *Id.*

A–Z filed a notice of appeal on September 17, 2001. A–Z contends that the district court abused its discretion (1) by not entering a default judgment against Phillips, and (2) by not using its statutory or inherent powers or both to enforce the ALJ's certification of facts and recommendation for sanctions, in light of Phillips's contumacious conduct.[1]

## II

 A–Z's contentions on appeal presuppose that the district court had jurisdiction to decide this case.[2] The district

---

Although the district court has an inherent power to sanction contempt, *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), this power is not a source of subject-matter jurisdiction. *Chambers,* for example, arose under the Constitution's grant of diversity jurisdiction. *Id.* at

court did not expressly state that it did not have subject-matter jurisdiction.[3] We must determine *sua sponte* the threshold question whether the district court had subject-matter jurisdiction to hear A–Z's claim. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (stating "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934))). "The existence of subject matter jurisdiction is a question of law reviewed de novo." *E.g., Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir.1992).

■■■ "It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *United States v. Bravo–Diaz*, 312 F.3d 995, 997 (9th Cir.2002). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Eggert*, 953 F.2d at 554 (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)).

We recognized in *Eggert* that Congress has provided three bases for a district court to exercise its jurisdiction to enforce orders issued by an ALJ pursuant to LHWCA. *Id.* at 554–55. First, under § 918(a),[4] district courts have jurisdiction to enter judgment on an administrative supplementary order that declares the amount of default by an employer in a compensation award. *Id.* at 555; 33 U.S.C. § 918(a). Second, under § 921(d),[5] district courts have jurisdiction to enforce any order awarding workers' compensation. 33 U.S.C. § 921(d); *Eggert*, 953 F.2d at 554. Third, under § 927(b), "district courts may punish as contempt of court any disobedience or resistance to a lawful order or process issued in the course of

3. 34, 111 S.Ct. 2123. Thus, the district court may not exercise subject–matter jurisdiction in this cause solely on the basis of A–Z's invocation of the court's power to sanction contempt.

3. "[W]e need not agree with the district court's reasoning to affirm. We may affirm on any ground finding support in the record." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986) (affirming a district court's denial of a default judgment motion on grounds other than those relied on by the district court) (citation omitted).

4. Section 918(a) provides, in relevant part, that

> [i]n case of default by the employer in the payment of compensation due under any award of compensation ... [and upon application, investigation, notice, and hearing] the deputy commissioner shall make a supplementary order, declaring the amount of the default.... The applicant may file a certified copy of such supplementary order with the clerk of the federal district court....

> [T]he court shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law.

33 U.S.C. § 918(a).

5. Section 921(d) provides, in relevant part, that

> [i]f an employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the federal district court for the judicial district in which the injury occurred.... If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

33 U.S.C. § 921(d).

administrative procedures under [LHWCA]." *Eggert*, 953 F.2d at 555. In *Eggert*, we explained that "[i]mportantly, this provision relates to all persons in proceedings under the[LHWCA]. A direct order of an ALJ to a claimant can be compelled by the district court using the means available for punishing contempt." *Id.* We also held that "[i]n conjunction with these grants of jurisdiction, the Act also requires that proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided by 33 U.S.C. §§ 918 and 921." *Id.* (citing 33 U.S.C. § 921(e)). We concluded in *Eggert* that we lacked subject-matter jurisdiction because the ALJ had not issued a direct order that was disobeyed by the claimant. *Id.*

A–Z does not contend that the district court had jurisdiction pursuant to § 918 or § 921. We agree that neither of these sections would support jurisdiction in this case. A–Z alleges solely that the district court had jurisdiction under § 927. At issue in this appeal is whether, in enacting § 927(b), Congress authorized a district court to hold a claimant in contempt for filing a fraudulent claim for benefits. In order for a district court to have jurisdiction to sanction a claimant pursuant to § 927(b), an ALJ must certify facts describing how a person

> disobey[ed] or resist[ed] any lawful order or process, or misbehave[d] during a hearing or so near the place thereof as to obstruct the same, or neglect[ed] to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuse[d] to appear after having been subpoenaed, or upon appearing refuse[d] to take the oath as a witness, or after having taken the oath refuse[d] to be examined according to law. . . .

33 U.S.C. § 927(b). Here, the ALJ assumed that Phillips's filing of a false or fraudulent claim for benefits under the LHWCA was a "disobedience to lawful process."

Whether the district court had subject-matter jurisdiction turns upon the meaning of the words "lawful order or process" as used in § 927(b). Our duty, in matters of statutory construction, is to " 'give effect to the intent of Congress.' " *Prince v. Jacoby*, 303 F.3d 1074, 1079 (9th Cir.2002) (quoting *Flora v. United States*, 357 U.S. 63, 65, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958)). We conclude that disobeying or resisting a lawful order or process does not include the filing of a fraudulent claim for LHWCA benefits.

First, the plain meaning of the term 'lawful process' does not encompass Phillips' conduct before the ALJ that was referred to the district court for sanction. It is axiomatic that "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *United States v. Smith*, 155 F.3d 1051, 1057 (9th Cir.1998) (quoting *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)). The term lawful process, in the context of the contempt power, generally "refers to the use of summons, writs, warrants or mandates issuing from a court in order to obtain jurisdiction over a person or property." *See* Black's Law Dictionary 1205–06 (6th ed.1990). *See also In re Jessen*, 738 F.Supp. 960, 963 n. 1 (W.D.N.C.1990) ("Intentional failure to comply with subpoena duces tecum is grounds for contempt proceeding . . . as disobedience or resistance to the court's lawful process." (citations omitted)); *In re Mann*, 728 F.Supp. 60, 62 (D.Me.1990) (calling failure to obey a subpoena "contempt of the lawful process of this Court"). Phillips did not refuse to comply with a summons, writ, warrant, or mandate issued by the ALJ.

A–Z suggests that the term "lawful process" has a much broader definition and includes the filing of a complaint that misrepresents the jurisdictional facts. A–Z has failed to support this interpretation of § 927(b) with any decisional authority.

 Second, in enacting the LHWCA, Congress expressly provided mechanisms other than contempt sanctions to deal with fraudulent claims before an ALJ. In interpreting a statute, courts must consider Congress's words in context "with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury,* 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). The LHWCA has specific provisions that deal with fraud before the ALJ, such as 33 U.S.C. § 931(a) and § 948.

Section 931(a) provides

(a) Felony; fine; imprisonment

(1) Any claimant or representative of a claimant who knowingly and wilfully makes a false statement or representation for the purpose of obtaining a benefit or payment under this chapter shall be guilty of a felony, and on conviction thereof shall be punished by a fine not to exceed $10,000, by imprisonment not to exceed five years, or by both.

(2) The United States attorney for the district in which the injury is alleged to have occurred shall make every reasonable effort to promptly investigate each complaint made under this subsection.

33 U.S.C. § 931(a). Section 948(a) provides that an employer may "discharge or refus[e] to employ a person who has been adjudicated to have filed a fraudulent claim." 33 U.S.C. § 948(a). These provisions demonstrate that Congress did not intend to permit an employer to seek a contempt citation in order to recover damages resulting from the filing of fraudulent claims. "We will not rewrite or engraft new remedies upon the provisions Congress has affirmatively and specifically enacted." *Eggert,* 953 F.2d at 557.

CONCLUSION

We conclude that the district court lacked subject-matter jurisdiction over A–Z's complaint. The facts certified to this court by the ALJ involve the filing of a false claim. Section 927(b) does not provide that such conduct is a disobedience of lawful process. Instead, Congress has provided specific mechanisms to deal with claimants who make a false statement or representation. A lack of subject-matter jurisdiction requires dismissal. Accordingly, we do not address A–Z's merit-based arguments. *See Bender,* 475 U.S. at 541, 106 S.Ct. 1326 (noting that if the appellate court finds the lower federal court lacked jurisdiction, then the appellate court has jurisdiction to correct the lower court in entertaining the suit, but not over the merits).

AFFIRMED.