**CITY OF THOUSAND OAKS; County of Ventura, Plaintiffs–Appellees,**

v.

**VERIZON MEDIA VENTURES, INC., dba Verizon Americast, Inc.; Does 1 Through 100, inclusive, Defendants,**

and

**ADELPHIA CALIFORNIA CABLEVISION, LLC; Adelphia Communications Corporation, Defendants–Appellants.**

**CITY OF THOUSAND OAKS; County of Ventura, Plaintiffs—Appellees,**

v.

**VERIZON MEDIA VENTURES, INC., dba Verizon Americast, Inc., Defendant—Appellant,**

and

**ADELPHIA CALIFORNIA CABLEVISION, LLC; Adelphia Communications Corporation; Does 1 Through 100, inclusive, Defendants.**

No. 02–55798, 02–55816.

D.C. No. CV–02–02553–ABC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Decided June 13, 2003.

827

Before HALL, KOZINSKI and RAWLINSON, Circuit Judges.

MEMORANDUM *

The district court abused its discretion in enjoining the asset purchase transaction. Section 4.1 of the franchise ordinance covers only sale of a "[f]ranchise" or "rights or obligations ... under the [f]ranchise." A franchise is a permit to operate a cable system. 47 U.S.C. § 522(9). The term "franchise" in section 4.1 therefore does not encompass cable system assets other than the permit itself. The City and County do not contend that the asset purchase agreement purported to effect a transfer of Verizon's permit. Had it done so, the district court could have enjoined at most that specific aspect of the transaction.

The transfer of "franchise fees ... arising out of or attributable to the ownership of the Acquired Assets on or after the Closing Date" did not violate section 4.1's restriction on transfer of "rights or obligations ... under the [f]ranchise." Franchise fees accruing on or after the closing date necessarily arise under Adelphia's franchise, not Verizon's; the provision did not transfer a liability arising under Verizon's franchise to Adelphia; it merely ensured that Verizon would not be liable for fees arising under Adelphia's franchise.

The various other assets and liabilities transferred, such as bulk customer agreements and advertising agreements, are not "rights or obligations ... under the [f]ranchise." They are assets and liabilities of a business authorized by the franchise, but they are not rights or obligations that the franchise itself grants or imposes.

The asset purchase transaction was not an "arrangement for the management of the [cable] system" under section 4.11. Sale of an asset is not, in normal commercial parlance, an "arrangement for the management of" that asset. A sale is an arrangement for the *ownership* of an asset; any change in management is an incidental by-product of the change in ownership. In other words, a sale is not an "arrangement *for* the management of" an asset because management is not the arrangement's object. The asset purchase agreement therefore did not violate section 4.11.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appellees waived their argument that the transaction violated section 4.2 by failing to raise it as an alternative ground for affirmance in their opening brief on appeal. *See United States v. Alexander,* 287 F.3d 811, 817 n. 2 (9th Cir.2002).[1]

Finally, the transaction was not an artifice to evade the Ordinance's restrictions. Our literal construction of the Ordinance does not produce absurd results, because transfer of a cable system to an entity that already holds a franchise raises fewer regulatory concerns than transfer to an entity that does not.

REVERSED.

HALL, Circuit Judge, concurring.

I agree that the district court abused its discretion by enjoining the asset purchase transaction. I write separately because the Section 4.2 argument was raised both below and at oral argument, and should be addressed on its merits.

Section 4.2 requires "prior written consent of the City" prior to any transfer of "[o]wnership or control of the Grantee." In this case, the Grantee is Verizon, and there has been no change in ownership or control of Verizon. At oral argument, Appellees argued that a change in control of a Grantee occurs whenever there has been a change in control over the Grantee's cable system, citing the Section 4.6 definition of the term "control" as "significant influence with respect to the operations of the Grantee's cable system." The remainder of the agreement, however, clarifies that the terms "Grantee" and "cable system" are not interchangeable. *E.g.,* Section 4.11 (discussing a change in control over the operations of the Grantee *or* the cable

system). Thus, the terms of the agreement do not support Appellees' argument that an asset transfer affecting only the Ventura County cable system effected a "change in ownership or control" of Verizon, a nationwide multimedia corporation.

RAWLINSON, Circuit Judge, Dissenting.

I respectfully dissent.

As the majority acknowledges, § 4.1 of the franchise ordinance prohibits the sale or transfer of a "Franchise and any rights or obligations of the Grantee under the Franchise ... without prior written consent of the city."

Section 4.2 of the Franchise ordinance prohibits transfer of "[o]wnership or control of the Grantee ... without the prior written consent of the City."

The district court enjoined Verizon from transferring ownership of Verizon's cable system to Adelphia. The basis of the district court's order was its holding that transfer of the cable system violated the governing franchise ordinance.

The majority holds that the district court abused its discretion because "[t]he term franchise ... does not encompass cable system assets other than the permit itself." However, the majority's hypertechnical definition of franchise is inconsistent with our precedent.

In *Charter Communications, Inc. v. County of Santa Cruz,* 304 F.3d 927 (9th Cir.2002), we examined Santa Cruz County's denial of consent to the transfer of a cable franchise. In considering whether the County reasonably withheld consent to the change in ownership, we expressly

---

1. We respectfully disagree with the dissent's claim that the district court relied on this theory. The quoted language is from a discussion of whether the asset sale was an "arrangement for the management of the sys-

tem" in violation of section 4.11, not a change of control *of the Grantee* in violation of section 4.2. Moreover, that plaintiffs alleged this theory in their complaint does not excuse their waiver on appeal.

ruled that it was reasonable for the County to require a demonstration of the transferee's "financial qualifications to take over the *obligations of the franchise." Id.* at 933 (emphasis added). If, as the majority has ruled, the transfer involved only the naked permit itself, we surely would have not found it reasonable for the County to delve into the transferee's ability to assume the Franchisee's obligations.

The majority also holds that, by raising the issue for the first time on appeal, the City and County waived their argument that the transfer violated § 4.2 of the franchise agreement. However, the record reflects that the Complaint asserted exactly that theory, and the district court expressly found that "Adelphia and Verizon have entered into an arrangement ... that results in a significant change of de facto control ..." (District Court Order at 10). Not only was this issue not waived, it provides an additional basis of support for the district court's ruling. More importantly of course, we may affirm on any basis finding support in the record. *See A–Z Int'l v.. Phillips,* 323 F.3d 1141, 1145 (9th Cir.2003).

In light of the deference with which we approach the review of governmental discretionary decisions, *see Charter Communications,* 304 F.3d at 931–32, I cannot in good conscience find an abuse of discretion on the part of the district court. I would AFFIRM the district court's judgment.