**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**William VAIL, Defendant—Appellant.**

**No. 03–10347.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2004.

Decided June 7, 2004.

Kyle F. Waldinger, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Geoffrey A. Hansen, AFPD, Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: REINHARDT, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Appellant William Vail ("Vail") appeals his conviction and sentence for violating 18 U.S.C. § 2422(b) and 18 U.S.C. § 2423(b). Vail argues that he could not be convicted under either statute because his actions were directed toward an adult FBI agent who was over the age of 18 years and not toward an actual minor. Vail further argues that in sentencing him, the district court abused its discretion when it declined to award a downward adjustment

---

for acceptance of responsibility pursuant to the United States Sentencing Guidelines (U.S.S.G.) § 3E1.1.

We affirm in part, vacate in part, and remand.

### I. Conviction Under 18 U.S.C. § 2422(b)

Section 2422(b) prohibits "the use of an interstate communications facility to attempt to induce a minor to engage in sexual activity." Vail's argument that he cannot be convicted under the attempt provision of 18 U.S.C. § 2422(b) is foreclosed by our recent decision in *United States v. Meek*, 366 F.3d 705, 717–18 (9th Cir.2004). Accordingly, we affirm his conviction on Count II for attempting to induce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).

### II. Conviction under 18 U.S.C. § 2423(b)

■ The court also found Vail guilty of Count I, alleging a violation of § 2423(b). Section 2423(b) prohibits traveling in interstate commerce

> for the purpose of engaging in any sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A[1] if the sexual act occurred in the special maritime and territorial jurisdiction of the United States....

18 U.S.C. § 2423(b) (2002).

Vail argues that he could not be convicted under § 2423(b) because he did not travel with the intent of committing a sexual act with a minor—rather, he traveled with the intent of meeting, and possibly engaging in a sexual act, with "Tammy," an adult undercover agent.

Vail's challenge to § 2423(b)—whether a defendant can be charged with violating

§ 2423(b) if he travels to engage in a sexual act with someone he believes to be a minor but who is not, in fact, an actual minor—makes precisely the same legal argument raised by the defendant in *Meek*. Although *Meek* involved a conviction under § 2422(b), and Vail is here challenging § 2423(b), the court's reasoning and conclusion in *Meek* apply with equal force to Vail's challenge to his conviction under § 2423(b).

We therefore affirm Vail's conviction under § 2423(b).

### III. Constructive Amendment of the Indictment

■ Vail contends that there was an improper constructive amendment of the indictment with respect to Count One because the superseding indictment charged Vail with violating a specific provision in Chapter 109A of Title 18, which makes it a crime when "the defendant knowingly attempts to engage in a sexual act with another person who [had] attained the age of 12 but [had] not attained the age of 16 years, and who was at least four years younger than the defendant...." 18 U.S.C. § 2243(a).

A constructive amendment "involves a change, whether literal or in effect, in the terms of the [indictment]." *Jones v. Smith*, 231 F.3d 1227, 1232 (9th Cir.2000) (internal quotation omitted). Vail argues that the government was required to prove the elements of the alleged specific violation of § 2243(a), namely that the intended victim "had attained the age of 12 years but had not attained the age of 16 years." 18 U.S.C. § 2243(a).

An impermissible constructive amendment occurs if a district court permits "the

---

1. Codified in 18 U.S.C. §§ 2241–2248 (making it a crime to engage in a sexual act with a person between the ages of 12 and 15, provid- ed the defendant is at least four years older than the victim).

jury to convict the defendants of violating a [law] they were not charged in the indictment with violating." *United States v. Dipentino*, 242 F.3d 1090, 1095 (9th Cir. 2001). Vail was not convicted of any such crime—the government alleged that he violated 18 U.S.C. § 2423(b) in Count One, and that section applies to travel with the purpose of engaging in any one of a long list of sexual offenses. We therefore agree with the district court that the addition of the specific violation to the superseding indictment in Count I was "surplusage that need not be proved." *See United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986). Because the specific violation was mere surplusage, it was not a prejudicial constructive amendment to the superseding indictment.

## IV. Acceptance of Responsibility

■ Vail challenges the district court's decision not to grant him a downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a) (2001). The district court declined to give Vail credit for acceptance of responsibility because it found that Vail had contested not only legal issues but the factual issues relating directly to his guilt. Specifically, the district court found that Vail had contested key factual issues at his trial and, in particular, that he intended to engage in a sexual act with a minor.

The district court judge's findings of fact are reviewed for clear error. *United States v. McKittrick*, 142 F.3d 1170, 1178 (9th Cir.1998). Vail has the burden of demonstrating that he has accepted responsibility for his crimes. *See United States v. Innie*, 7 F.3d 840, 848 (9th Cir. 1993).

We hold that Vail was entitled to a reduction for acceptance of responsibility. A defendant is entitled to the acceptance of responsibility reduction if he proceeds

"to assert and preserve issues that do not relate to factual guilt," such as challenging the applicability of a statute to his conduct. U.S.S.G. § 3E1.1(a), cmt. n.2; *see McKittrick*, 142 F.3d at 1178. Here, Vail was entitled to challenge the intent requirement of §§ 2422(b) and 2423(b) so that he could preserve those issues for appeal without foregoing his eligibility for the acceptance of responsibility adjustment. *See id.* Although Vail requested a bench trial, he did not "put[ ] the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1(a), cmt. n.2.

Vail stipulated to the admission of all of the tapes and emails that the Government presented; he did not cross-examine witnesses on any substantive grounds; and at sentencing and in his statements to the probation officer, he expressed sincere remorse for his behavior. Vail's refusal to admit that he intended to engage in unlawful conduct with a minor should not foreclose his eligibility for the acceptance of responsibility adjustment because such an admission was inextricable from his legal argument that, in light of the fact that "Tammy" was an adult, he did not have the requisite statutory intent. *See McKittrick*, 142 F.3d at 1178. We therefore hold that Vail was entitled to a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

■ Vail further contends that the district court should have awarded him an additional point for "timely providing complete information to the government concerning his own involvement in the offense" and because the final offense level was greater than level 16. U.S.S.G. § 3E1.1(b). Because Vail stipulated to all the evidence presented by the government at trial and his cooperation was timely, Vail's actions following his arrest were sufficient to "ensure[ ] the certainty of his

just punishment in a timely manner." *Id. cmt., background; see also United States v. Stoops,* 25 F.3d 820, 822 (9th Cir.1994).

In sum, we conclude that Vail was entitled to receive a three-point sentencing reduction pursuant to U.S.S.G. § 3E1.1. Accordingly, we vacate Vail's sentence and remand for resentencing in accordance with this disposition.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.