UNITED STATES of America,
Plaintiff,

v.

Mark B. KAHN, Defendant.

No. MJ–07–536–JPD.

United States District Court,
W.D. Washington,
at Seattle.

Dec. 18, 2007.

John Winn Wolfe, Wolfe Leinbach, Seattle, WA, for Defendant.

Catherine L. Crisham, U.S. Attorney's Office, Seattle, WA, for Plaintiff.

## ORDER REGARDING PRETRIAL DETENTION OR CONDITIONS OF RELEASE

JAMES P. DONOHUE, United States Magistrate Judge.

## I. INTRODUCTION AND SUMMARY CONCLUSION

The present matter comes before the Court on plaintiff United States of America's Motion for Detention. Dkt. No. 5; *see also* Dkt. Nos. 7, 8 (supplemental briefing).[1] The government argues that the mandatory electronic monitoring condition set forth in the Bail Reform Act of 1984, as amended by the Adam Walsh Child Protection Safety Act of 2006, applies in this case. Defendant disagrees, and argues that the mandatory pretrial release conditions of the Adam Walsh Act do not apply and, alternatively, are unconstitutional because the Act violates the Due Process Clause of the Fifth Amendment, the Excessive Bail Clause of the Eighth Amendment, and the separation of powers doctrine. After careful consideration of the briefs, the governing law, and the balance of the record, the Court finds that the mandatory conditions do not apply. Accordingly, there is no reason to address the constitutional challenges raised.

## II. FACTS AND PROCEDURAL BACKGROUND

On November 16, 2007, defendant was indicted and charged with a single count of traveling in foreign commerce with the intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). According to the complaint, on October 26, 2007, defendant was arrested in Seattle, Washington, after traveling from Vancouver, Canada, to Seattle to have sex (for money) with "Jackie," a thirty-eight year-old female, and "Jenny," her thirteen year-old daughter. This arrangement was the end-product of an August 2007 "Erotic Services" advertisement posted by "Jackie" on a well-known internet site. After responding to the advertisement, defendant engaged in several online chats with "Jackie," during which the parties discussed compensation and defendant explained in graphic detail the sexual acts he wished to perform with "Jackie" and her thirteen year-old daughter. Importantly, "Jackie" was not a thirty-eight year-old female, but was in fact a detective with the Seattle Police Department acting in an undercover capacity. "Jenny," as it turns out, was a fictitious person.

According to a proffer made by his counsel to this Court, defendant was arrested in October and shortly thereafter made an appearance in King County Superior Court. He was released on conditions, including that he have no contact with minors. On November 16, 2007, the conduct which was the subject of the state charges led to the filing of the present criminal complaint in this court, alleging a violation of 18 U.S.C. § 2423(b). In December, the defendant was arrested as he re-entered this country to meet with his attorney on the state charges. An initial appearance was held on December 12, 2007, and defendant's initial detention hearing took place the following day. *See* Dkt. Nos. 3–4. During that hearing, the Court heard arguments on defendant's request for pretrial release. Pretrial Services recommended detention, based on the requirements of the Adam Walsh Act that a defendant charged be placed on electronic monitoring, coupled with Pre-

---

1. Although the Court granted the parties leave to submit additional briefing, see Dkt. No. 9, the Court was subsequently informed that no further briefing will be filed. Accordingly, the issues raised in this case are now ripe for review.

trial Service's inability to coordinate global positioning satellite ("GPS") electronic monitoring of the defendant in Canada. The government indicated that, but for this inability, the parties could likely agree on terms of supervised release pending trial. At the close of the hearing, the Court reserved its ruling and requested further briefing on the constitutional and statutory interpretation issues raised by the parties. The government's motion for detention, the parties' briefs, and the complete record in this case are now before the Court.

The government takes the position that this Court lacks the authority to order defendant released on any condition or combination of conditions because: (1) the Walsh Act applies to this case; (2) the Walsh Act modified the Bail Reform Act to require certain mandatory pretrial release conditions, including electronic monitoring; (3) Pretrial Services is unable to conduct electronic monitoring of individuals such as defendant, who reside in Canada; and (4) while the government would consider agreeing to defendant's pretrial release—subject to appropriate conditions—if he remains in this district, the United States Citizenship and Immigration Services ("USCIS") will not agree to a probationary visa, thus no such arrangement is feasible. As such, an allegedly mandatory condition of pretrial release in this case—electronic monitoring—has the practical effect of barring pretrial release on *any* conditions. It is for these reasons that the government contends the Walsh Act mandates detention, and the defendant contends the Act is unconstitutional.

### III. GOVERNING LAW

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act"), Pub.L. No. 109-

248, tit. II, 109 Stat. 587, which amended the Bail Reform Act of 1984 ("Bail Reform Act"), 18 U.S.C. § 3142, to require that defendants charged with certain listed crimes be placed on a prescribed minimum set of release conditions. Specifically, 18 U.S.C. § 3142 was amended to require electronic monitoring as a condition of pretrial release for persons charged with certain forms of crimes, including certain violations of 18 U.S.C. § 2423(b), under which defendant now stands charged. Dkt. No. 1; 18 U.S.C. § 3142(c)(1)(B) ("Walsh Act Amendments"). These heightened pretrial release conditions are designed to "protect children from sexual attacks and other violent crimes." Pub.L. No. 109–248, tit. II, 109 Stat. at 611. The applicable portion of Bail Reform Act now reads, in relevant part:

> (c) Release on conditions.—(1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—
>
> .    .    .    .    .
>
> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—
>
>> [be subjected to any condition or combination of conditions listed in subsections (I) through (xiv)]
>
> .    .    .    .    .
>
> In any case that involves a *minor victim* under section ... 2423 ... of this title,[2]

---

2. 18 U.S.C. § 2423(b) provides:

> Travel with intent to engage in illicit sexual conduct.—A person who travels in inter-

... any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).

18 U.S.C. § 3142(c)(1)(B) (emphasis added).

## IV. ISSUES PRESENTED

■ The questions presented to the Court are whether the Walsh Act Amendments apply to this case and, if so, whether the mandatory pretrial release conditions imposed by the Walsh Act Amendments violate the Due Process Clause of the Fifth Amendment, the Excessive Bail Clause of the Eighth Amendment, and/or the separation of powers doctrine.

## V. DISCUSSION

A. *The Walsh Act Amendments Concerning Mandatory Pretrial Release Conditions, Including Electronic Monitoring, Do Not Apply to this Case Because there Is No "Minor Victim"*

The specific question presented by this issue is whether the mandatory pretrial release conditions of the Walsh Act Amendments apply to the offense of interstate travel with the intent to engage in illicit sexual conduct with another person when that person, though thought to be a minor, is actually an adult posing as a fictitious minor. This appears to be an issue of first impression not only in this circuit, but nationwide.[3]

Defendant argues that 18 U.S.C. § 3142(c)(1)(B) of the Bail Reform Act, by its very terms, does not apply in this case. Specifically, defendant contends that because § 3142(c)(1)(B) mandates the imposition of certain pretrial release conditions only in cases "involv[ing] a minor victim," that provision is inapplicable to the present case, where the alleged "victim" is an adult undercover police detective posing as an adult prostitute with feigned access to a fictitious thirteen year-old prostitute daughter. Accordingly, defendant insists that because this case does not "involve [ ] a minor victim" under § 3142(c)(1)(B), the pretrial release conditions mandated by the Walsh Act Amendments, including electronic monitoring, do not apply.

The government, on the other hand, urges a broader reading of § 3142(c)(1)(B). It argues that Congress intentionally employed the term "minor victim" in § 3142(c)(1)(B) without distinguishing between cases involving actual and intended victims in order to mirror the language of § 2423(b), which treats such victims identically. According to the government, because no actual minor victim is necessary to *convict* under § 2423(b), no such victim is necessary to trigger the mandatory pretrial release conditions of the Walsh Act Amendments. The government insists that this interpretation corresponds with the overall purpose of the Walsh Act, and is most consistent with the Bail Reform Act's mission of reasonably assuring "the appearance of the [defendant] and the

---

state commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

3. The decisions in *United States v. Gardner*, 523 F.Supp.2d 1025, 2007 WL 4219410 (N.D.Cal. Nov.28, 2007), *United States v. Vujnovich*, 2007 WL 4125901 (D.Kan. Nov.20, 2007) (unpublished opinion), and *United States v. Crowell*, 2006 WL 3541736 (W.D.N.Y. Dec.7, 2006) (unpublished opinion), do not change this result. None of these cases dealt with the offense outlined in 18 U.S.C. § 2423(b), particularly as it relates to a fictitious "minor victim."

safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

■ As a general matter, the meaning of a statute is found in the actual language used therein. This is precisely how a legislature gives expression to its wishes. When the language of a given statute is plain, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citation and internal quotations omitted). To this end, "courts must presume that a legislature says in a statute what it means and means in a statute what it says." *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).

■ Neither the Walsh Act nor the amended Bail Reform Act defines the phrase "minor victim." When a federal statute fails to define a key term, the court's " 'duty, in matters of statutory construction, is to give effect to the intent of Congress.' " *San Jose Christian Coll. v. City of Morgan Hill,* 360 F.3d 1024, 1034 (9th Cir.2004) (quoting *A–Z Int'l v. Phillips,* 323 F.3d 1141, 1146 (9th Cir.2003)). In this situation, if the disputed statutory term is plain, the court "should construe that term in accordance with its 'ordinary, contemporary, common meaning.' " *Id.* (quoting *A–Z Int'l,* 323 F.3d at 1146). "Only if an ambiguity exists in the statute, or when an absurd construction results, does this court refer to the statute's legislative history." *San Jose Christian Coll.,* 360 F.3d at 1034.[4]

■ Accordingly, this Court's task is to construe "minor victim" in accordance with

its plain meaning, referring back to the legislative history only if an absurd construction results. To determine the "plain meaning" of a term undefined by a statute, resort to a dictionary is appropriate. *Cleveland v. City of Los Angeles,* 420 F.3d 981, 989 (9th Cir.2005); *see also United States v. Jackson,* 480 F.3d 1014, 1022 (9th Cir.2007) ("When statutes use common words without explicitly defining them, we look to dictionaries to understand the statute's meaning.").

A "minor" is defined as "[a] person who has not reached full legal age; a child or juvenile." Black's Law Dictionary 1017 (8th ed.2004). A "victim" is a "person harmed by a crime, tort, or other wrong." *Id.* at 1598. Accordingly, a "minor victim" is a child harmed by a crime. In the case at bar, the plain meaning of the term "minor victim" does not encompass the undercover detective or her fictitious thirteen year-old daughter. The former, though perhaps a victim, is not a minor. The latter is not a person, and is thus neither a victim nor a minor under the "ordinary, contemporary [and] common meaning" of those terms. *United States v. Smith,* 155 F.3d 1051, 1057 (9th Cir.1998).

The government argues that such an interpretation clashes with Congress's purpose in enacting the mandatory conditions of the Walsh Act Amendments—i.e., "to *ensure* greater and broader protection for the community where pre-trial release is appropriate." Dkt. No. 8 at 4. According to the government, a more accurate definition of the phrase "minor victim" would include actual and intended minor victims. Dkt. No. 8 at 8–9. The government ar-

---

**4.** Any effort to examine the legislative history of the particular Walsh Act Amendment at issue in this case would be futile, because it appears that no such history exists. The mandatory pretrial conditions now in dispute were added to the bill's language only seven days prior the bill's final passage. The

amendment including the mandatory pretrial conditions was passed without substantive debate or supporting congressional reports. *See* 152 CONG. REC. S8012 (daily ed. July 20, 2006) (debate following passage of Sen. Hatch's amendment in the nature of a substitute that included the mandatory conditions).

gues that this interpretation is further supported by post-conviction cases involving 18 U.S.C. § 2423(b). *See, e.g., United States v. Meek,* 366 F.3d 705, 717 (9th Cir.2004) ("[A]n actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)."); *United States v. Vail,* 101 Fed.Appx. 190, 192 (9th Cir.2004) (unpublished opinion) (extending rationale in *Meek* to a conviction under 18 U.S.C. § 2423(b)).

The Court rejects these contentions. The government's "intent" argument might be persuasive were the disputed statutory provision amorphous, or its terms unclear. However, like the phrase "minor victim," section 3142(c)(1)(B) is not difficult to understand. The provision is plain, and manifestly hierarchical. As explained below, the discretion bestowed the "judicial officer" in certain circumstances is removed in "case[s] that involve [ ] a minor victim." 18 U.S.C. § 3142(c)(1)(B).

The government, pointing to one of the purposes behind the Bail Reform Act, may be correct that the defendant in this case poses no less of a danger to the community merely because the thirteen year-old girl with whom he allegedly intended to engage in sexual conduct was a fictitious person. Electronic monitoring may still be ordered if the Court believes this condition is necessary to address issues of risk of flight or the safety of the community. The issue here is whether this condition is mandatory. The Court recognizes that § 3142(c)(1)(B) specifically emphasizes the safety of the community when outlining the Court's discretion to impose a condition or combination of conditions listed in § 3142(c)(1)(B)(I) through (xiv). However, that language precedes, and exists independent of, the mandatory electronic monitoring provision of the final paragraph— the "minor victim" paragraph—of § 3142(c)(1)(B). *That* paragraph, and its mandatory pretrial release conditions, applies only in a "case that involves a minor victim." 18 U.S.C. § 3142(c)(1)(B).

The operative phrase "involves a minor victim" differs markedly from the language of § 2423(b), which criminalizes "travel for the purpose of engaging in any illicit sexual conduct with another person," whether or not the victim is a minor or the prohibited conduct actually occurs. 18 U.S.C. § 2423(b); *see Meek,* 366 F.3d at 717; *Vail,* 101 Fed.Appx. at 192. Under the government's reading of § 3142(c)(1)(B), the term "minor victim" has no meaning, because in any case where a violation of § 2423(b) is charged, the Walsh Act Amendment's mandatory pretrial release conditions would be automatic.

To sustain the government's position would require the Court to ignore or read out that phrase, violating the cardinal principle of statutory interpretation that courts must "'give effect, if possible, to every clause and word of a statute.'" *Scheidler v. National Organization for Women, Inc.,* 547 U.S. 9, 21, 126 S.Ct. 1264, 164 L.Ed.2d 10 (2006) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152, 2 S.Ct. 391, 27 L.Ed. 431 (1883)). The Court cannot accept the government's approach. The plain language of § 3142 demonstrates that Congress did not intend that all persons charged with a violation of § 2423(b) be subject to the mandatory pretrial conditions imposed by the Walsh Act. By inserting the qualifying language "involves a minor victim," Congress specifically limited the cases in which those conditions, as mandatory conditions, are to be imposed. To this end, the Court is not surprised that such a noticeable language dichotomy exists between the pretrial and post-conviction stages of criminal litigation involving §§ 3142(c) and 2423(b): the presumption of innocence and its concomitant liberty concerns, while at their peak during the

former stage, see 18 U.S.C. § 3142(j), are at their lowest ebb by the latter.[5]

The Court recognizes the numerous changes ushered by the Walsh Act Amendments, and their focus on "protect[ing] children from sexual attacks and other violent crimes." Pub.L. No. 109–248, tit. II, 109 Stat. at 611. However, the drafting of statutory language to carry out prevailing policy preferences is a legislative, not a judicial, function. Because the statutory language at issue today is plain, the sole function of this Court is "to enforce [that language] according to its terms." *Ron Pair Enters., Inc.*, 489 U.S. at 241, 109 S.Ct. 1026. The government advocates the temporary abandonment this deeply-rooted prerogative, and would instead have this Court substitute its judgment for the plain language used by Congress. The Court refuses to do so. *Cf. Day–Brite Lighting, Inc. v. Missouri*, 342 U.S. 421, 423, 72 S.Ct. 405, 96 L.Ed. 469 (1952) (courts "do not sit as ... super-legislature[s]"). Because the result here is not absurd, the plain language controls. *Accord San Jose Christian Coll.*, 360 F.3d at 1034. The mandatory pretrial release conditions of the Walsh Act, including the electronic monitoring condition, do not apply to this case.

### B. *The Court Abstains from Addressing the Constitutionality of the Walsh Act Amendments As Applied to the Defendant in this Case*

■ Defendant also contends that the Walsh Act's mandatory pretrial release conditions are unconstitutional because these mandatory conditions, as applied to him, violate the Due Process Clause of the Fifth Amendment, the Excessive Bail Clause of the Eighth Amendment, and the separation of powers doctrine, citing principally the recent decision in *United States v. Crowell, supra.*

However, in light of the Court's holding that the mandatory pretrial release conditions of the Walsh Act are not applicable to this case, it is unnecessary to address the constitutionality of that statute as applied to the defendant in this case. *See, e.g., Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.").

### VI. DETENTION HEARING

At the initial hearing in this matter, the government indicated that in the absence of the mandatory requirement of electronic monitoring, there would likely be conditions appropriate for release. The Court has now determined that the mandatory requirements of the Walsh Act Amendments do not apply to the facts of this case. Accordingly, the defendant in this case shall appear before the Court at 1:30 p.m. on December 19, 2007, for a hearing to determine upon what conditions he may be released pending trial in this matter.

---

**5.** This obvious distinction renders the post-conviction decisions in *Meek* and *Vail* less persuasive. *See supra*, § V.A. at 5, 7; *Meek*, 366 F.3d at 717 ("[A]n actual minor victim is not required for an attempt *conviction* under 18 U.S.C. § 2422(b).") (emphasis added); *United States v. Vail*, 101 Fed.Appx. at 192 (same as to a *conviction* under 18 U.S.C. § 2423(b)). The same can be said for cases applying the United States Sentencing Guidelines. *See, e.g., United States v. Butler*, 92 F.3d 960, 963 (9th Cir.1996). This conclusion, of course, does not deprive the Court of its authority to take such factors into account when assessing bail considerations.

The Clerk of Court is directed to send a copy of this Order to the parties.