# Matter of Eunice Villaluna JACKSON, Respondent
# Matter of Geruen Hewlett Andreu Villaluna ERANDIO, Respondent

*Decided May 20, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Section 402(a)(2) of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, 622, which bars the approval of a family-based visa petition filed by a petitioner who has been convicted of a "specified offense against a minor" and has not shown that he poses "no risk" to the beneficiary, does not have an impermissible retroactive effect when applied to convictions that occurred before its enactment.

FOR RESPONDENT: Stephen W. Manning, Esquire, Portland, Oregon

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sarah C. Schreck, Assistant Chief Counsel

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; GUENDELSBERGER and MANN, Board Members.

MANN, Board Member:

In a decision dated January 10, 2012, an Immigration Judge terminated the removal proceedings against the respondents.[1] The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent entered the United States on May 9, 2007, as a K-1 nonimmigrant fiancée of a United States citizen. The respondent's husband, Mr. Jackson, had filed a Petition for Alien Fiancé(e) (Form I-129F) on behalf of the respondent, which was approved by the United States

---

[1] The respondents are a mother and child, who are natives and citizens of the Philippines. All references in this decision to "the respondent" pertain to the mother, who is the lead respondent, unless otherwise specified.

Citizenship and Immigration Services ("USCIS") on October 5, 2006. The respondent and Mr. Jackson married on June 13, 2007. Based on this marriage, the respondents filed applications for adjustment of status on July 15, 2007, to be accorded immigrant status as the immediate relative spouse and stepchild of a United States citizen.

On May 22, 2009, the USCIS Field Office Director ("Director") sent the respondents a request for evidence and notice of intent to deny the applications for adjustment based on Mr. Jackson's May 17, 1979, conviction for sexual abuse in the first degree in violation of section 163.425 of the Oregon Revised Statutes. Because the offense was committed against a child under the age of 12, it appeared to be a "specified offense against a minor," which would bar Mr. Jackson from having a family-based petition approved pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 ("Adam Walsh Act").

The notice of intent to deny advised the respondent that she could present evidence to establish either that Mr. Jackson had not been convicted of the offense or that the offense did not constitute a "specified offense against a minor" within the meaning of section 402(a)(2) of the Adam Walsh Act, 120 Stat. at 622. Towards that end, the respondent was advised to submit certified copies of the record of conviction, including police reports, charging documents, transcripts, and probation documents, and any news accounts concerning the conviction.

The notice of intent to deny further advised that if Mr. Jackson was convicted of a "specified offense against a minor," the respondent must establish that he poses "no risk" to the safety and well-being of the respondents. To establish that he poses no such risk, the respondent could submit certified records indicating Mr. Jackson's successful completion of counseling or rehabilitation programs; certified evaluations by psychiatrists, psychologists, or clinical social workers that attest to the degree of his rehabilitation or behavior modification; and evidence demonstrating his good and exemplary service to the community or in the uniformed services following the conviction.

In a decision dated October 22, 2010, the Director found that Mr. Jackson had been convicted of a "specified offense against a minor." Further, the Director acknowledged the evidence submitted to show that Mr. Jackson poses no risk to the respondents but determined that it did not meet the required burden of proof. The Director therefore concluded that Mr. Jackson was ineligible to have the visa petition approved on October 5, 2006. Consequently, the nonimmigrant K visas with which the respondents entered the United States were not valid. Because the respondents were

inadmissible as aliens who did not possess valid visas, their applications for adjustment of status were denied.

Following the denial of their adjustment applications, the respondents were placed in removal proceedings and were charged under section 237(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A) (2006), on the ground that they were inadmissible at the time of entry because their nonimmigrant visas were invalid. In removal proceedings before the Immigration Judge, the respondents moved to terminate, arguing that the Adam Walsh Act should not be applied to Mr. Jackson's 1979 conviction. The Immigration Judge concluded that applying the Adam Walsh Act to a conviction that occurred prior to its enactment was an impermissible retroactive application of the statute and granted the respondents' motion to terminate the proceedings.

## II. ADAM WALSH ACT

The Adam Walsh Act was enacted on July 27, 2006. Its stated purpose is "[t]o protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, to promote Internet safety, and to honor the memory of Adam Walsh and other child crime victims." Adam Walsh Act, 120 Stat. at 587.

The issue raised in this appeal involves title IV, "Immigration Law Reforms to Prevent Sex Offenders from Abusing Children." Specifically, section 402(a)(2) of the Adam Walsh Act, 120 Stat. at 622, amended section 204(a)(1) of the Act, 8 U.S.C. § 1154(a)(1) (2006), by adding a provision barring a United States citizen who has been convicted of a "specified offense against a minor" from having a family-based visa petition approved unless the Secretary of Homeland Security determines that the citizen poses "no risk" to the alien beneficiary. Section 204(a)(1)(A)(viii)(I) of the Act.[2] Section 402(b) of the Adam Walsh Act, 120 Stat. at 623, amended section 101(a)(15)(K) of the Act, 8 U.S.C. § 1101(a)(15)(K) (2006), to preclude the fiancé(e) of a citizen described in section 204(a)(1)(A)(viii)(I) of the Act and any minor child of the alien from acquiring K nonimmigrant status.

---

[2] Section 204(a)(1)(B)(i) of the Act contains a similar prohibition relating to lawful permanent resident petitioners.

## III.  ISSUE

The issue on appeal is whether the Adam Walsh Act can be applied to convictions occurring prior to the date of its enactment to bar a United States citizen from having a family-based visa petition approved.

## IV.  ANALYSIS

The respondent does not contest that Mr. Jackson was convicted of a "specified offense against a minor" but notes that he was convicted of the crime in 1979, before the enactment of the Adam Walsh Act on July 27, 2006.  She contends that the Adam Walsh Act should only be applied prospectively to convictions occurring after the enactment date and that applying the law to his 1979 conviction impermissibly attaches a new disability to the conviction.  The DHS argues that the Adam Walsh Act is applicable to this case because the fiancée visa petition filed on behalf of the respondent was pending at the time the Adam Walsh Act was enacted.

Title IV of the Adam Walsh Act has no explicit effective date.  Consequently, we find that it was effective on the date of its enactment. *See Johnson v. United States*, 529 U.S. 694, 702 (2000) (stating that where a statute has no explicit effective date, it takes effect on the date of its enactment absent a clear indication by Congress to the contrary); *see also Matter of Soriano*, 21 I&N Dec. 516, 519 (BIA 1996) (noting that the lack of an effective date for legislation indicates that the law should be effective on the date of passage).

Legislation is generally presumed to have prospective application unless Congress has unambiguously instructed that it be applied retroactively. *See Vartelas v. Holder*, 132 S. Ct. 1479, 1486−89 (2012); *INS v. St. Cyr*, 533 U.S. 289, 315−17 (2001); *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 946 (1997); *Landgraf v. USI Film Products*, 511 U.S. 244, 265, 270−73, 280 (1994).  In the absence of a contrary indication, a statute will generally not be construed to have retroactive application. *See, e.g.*, *Landgraf v. USI Film Products*, 511 U.S. at 280.

We recognize that Congress did not expressly indicate in the Adam Walsh Act that either the statute in its entirety or the provisions pertinent here should be applied to offenses or convictions occurring prior to its enactment.  However, in *Vartelas v. Holder*, 132 S. Ct. at 1489−90 & n.7, the Supreme Court recognized that where a statute addresses dangers that arise after its enactment, it does not operate "retroactively."  The Court cited as examples laws that prohibit persons convicted of a sex crime against a victim under 16 years of age from working in jobs involving frequent contact with minors and laws that prohibit convicted felons or

persons who have been committed to a mental institution from purchasing firearms. *Id.*; *see also, e.g.*, 18 U.S.C. § 922(g)(1), (4) (2012); Cal. Penal Code Ann. § 290.95(c) (West Supp. 2014). According to the Court, "[T]hese statutes do not operate retroactively. Rather, they address dangers that arise postenactment . . . ." *Vartelas v. Holder*, 132 S. Ct. at 1489 n.7; *see also, e.g.*, *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *United States v. Pfeifer*, 371 F.3d 430, 436 (8th Cir. 2004); *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001); *United States v. Mitchell*, 209 F.3d 319, 322−23 (4th Cir. 2000); *United States v. Brady*, 26 F.3d 282, 290−91 (2d Cir. 1994) (upholding a conviction under 18 U.S.C. § 922(g), even where the predicate felony conviction occurred decades before enactment of the statute).

The provisions of title IV of the Adam Walsh Act are similar to those statutes in that they address dangers that arise after the statute was enacted. "The critical purpose of section 402 of the Adam Walsh Act is to ensure that an intended alien beneficiary is not placed at risk of harm from the person seeking to facilitate the alien's immigration to the United States." Memorandum from Michael Aytes, Assoc. Dir., Domestic Operations, to USCIS officials, at 5 (Feb. 8, 2007), *available at* http://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/adamwalshact020807.pdf. A petitioner who has been convicted of a "specified offense against a minor" poses a present danger as a potential sexual predator. Because the Adam Walsh Act addresses the potential for future harm posed by such sexual predators to the beneficiaries of family-based visa petitions, we find that the application of its provisions to convictions that occurred before its enactment does not have an impermissible retroactive effect.

In this case, the United States citizen petitioner was found to have been ineligible to have his family-based visa petition approved because of his May 17, 1979, conviction. Consequently, the respondents' nonimmigrant visas were not valid, and they were inadmissible to the United States at the time of entry. We therefore conclude that the Immigration Judge erred in terminating the removal proceedings. Accordingly, the DHS's appeal will be sustained, and the record will be remanded for further proceedings.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings against the respondents are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.