NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3253
_____

NEAL A. NAIK,

Appellant

v.

DIRECTOR UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES VERMONT;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 3-12-cv-04057)
District Judge: The Honorable Joel A. Pisano

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 7, 2014

Before: RENDELL, SMITH, and HARDIMAN, Circuit Judges

(Filed: August 13, 2014)
_____

O P I N I O N
_____

**RENDELL**, Circuit Judge

     Neal Naik ("Naik") appeals the order of the United States District Court for the

District of New Jersey granting the motion to dismiss of the defendants, United States

Citizenship and Immigration Services and the Director of the Vermont Service Center of

United States Citizenship and Immigration Services (collectively, "USCIS" or

"Defendants").  For the reasons set forth below, we will affirm.

Naik is a United States citizen who was convicted of endangering the welfare of a

child in violation of N.J. Stat. Ann. § 2C:24-4a,[1] in November 2003.  In February 2009,

Naik married Jyosna Naik ("Jyosna"), a citizen of India.  On March 15, 2009, Naik filed

a Form I-130 petition (the "I-130 Petition") with USCIS, seeking to have his wife

classified as an immediate relative for the purpose of allowing her to immigrate to the

United States.  *See* 8 C.F.R. § 204.1–204.2.

In June 2010, USCIS issued a Notice of Intent to Deny ("NOID") Naik's I-130

Petition.  In its NOID, USCIS explained that Sections 402(a) and (b) of the Adam Walsh

Child Protection and Safety Act of 2006 (the "Walsh Act"), Pub. L. No. 109-248, 120

Stat. 587 (2006), amended the Immigration and Nationality Act (the "INA") to prohibit

U.S. citizens and lawful permanent residents who have been convicted of any "specified

offense against a minor" from filing a family-based visa petition on behalf of any

---

[1]     N.J. Stat. Ann. § 2C:24-4(a) provides:

>  (1)     Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this paragraph to a child is guilty of a crime of the third degree.

>  (2)     Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who causes the child harm that would make the child an abused or neglected child as defined in R.S.9:6-1, R.S.9:6-3 and P.L.1974, c. 119, § 1 (C.9:6-8.21) is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this paragraph to a child is guilty of a crime of the third degree.

beneficiary unless the Secretary of the Department of Homeland Security determines, in his or her sole and unreviewable discretion, that the petitioner poses no risk to the beneficiary of the visa petition. (A50-53.) The NOID requested that Naik submit evidence sufficient to clearly establish that he did not commit a specified offense against a minor, or in the alternative, to establish beyond a reasonable doubt that he posed no risk to the beneficiary of his I-130 Petition. Naik provided documents and information in response to USCIS's request in September of 2010.

After reviewing the evidence submitted by Naik, USCIS concluded that Naik's conviction under N.J. Stat. Ann. § 2C:24-4a prohibited the I-130 Petition from being granted based on the Walsh Act's definition of the term "specified offense against a minor" as including "[a]ny conduct that by its nature is a sex offense against a minor." Pub. L. No. 109-248, § 111(7)(I) (codified at 42 U.S.C. § 16911(7)(I)). USCIS further concluded that Naik had failed to meet his evidentiary burden of clearly demonstrating, beyond any reasonable doubt, that he posed no risk to the safety and well-being of Jyosna, the beneficiary of the I-130 Petition. Accordingly, USCIS denied Naik's petition on December 10, 2010.

Naik appealed the denial of the I-130 Petition to the Board of Immigration Appeals ("BIA"). In his appeal, Naik argued that (1) the Walsh Act, which was enacted in 2006, could not be applied "retroactively" to his 2003 conviction; (2) USCIS failed to apply the categorical approach to determine if his conviction constituted a "specified offense" under the Walsh Act; (3) requiring Naik to prove "beyond a reasonable doubt" that he posed no risk to the beneficiary was inconsistent with the burden of proof

3

generally applicable to a visa petition, and therefore could only be applied after complying with the notice and comment requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553; (4) the Walsh Act violates substantive and procedural due process because it does not provide for a hearing before a neutral adjudicator before depriving a citizen of a liberty interest in his marriage; and (5) applying the Walsh Act to Naik's I-130 Petition "inflict[ed] a constitutionally disproportionate penalty upon a United States citizen" in violation of the Eighth Amendment.

On October 14, 2011, the BIA remanded the matter to USCIS for further briefing and development of the record. Specifically, the BIA requested that the parties respond to the following questions:

(1) Whether the government has the burden of proving that the petitioner's conviction is for a "specified offense" against a minor under section 111 of the [Walsh Act]?

(2) Whether the categorical and modified categorical approaches should be used in making the foregoing determination?

(3) If the petitioner was found to have been convicted of a "specified offense" against a minor, is there a rebuttable presumption that the petitioner will pose a risk to the principal beneficiary or a derivative beneficiary?

(4) If the petitioner is found to have been convicted of a "specified offense" against a minor, whether and under what authority, the government applies a "beyond a reasonable doubt" standard in determining—as a matter of discretion—if the petitioner is a risk to the safety or well-being of the principal beneficiary or a derivative beneficiary?

(5) Whether the Director must explain the rationale for his/her conclusion that the petitioner poses a risk to the principal beneficiary or a derivative beneficiary?

4

(6) As here, where the principal beneficiary is not a minor beneficiary and where there are no minor derivative beneficiaries, does the [Walsh Act] require the petitioner to prove *only* that he or she poses no risk to the adult principal beneficiary and any adult derivative beneficiaries?

Finally, in the event that the Director denies this visa petition again under the [Walsh Act] and the petitioner files an appeal to this Board, the parties are advised to include a jurisdictional statement. Specifically,

(7) Whether this Board has jurisdiction to review the question of whether the Secretary applied the correct standard in determining whether a petitioner has shown he or she is not a risk to the principal beneficiary or a derivative beneficiary?

(8) What is the nature and scope of the Board's jurisdiction over other aspects of the appeal?

(A29-30.)

Rather than address the questions raised in the BIA's remand, on August 21, 2012, USCIS issued a second NOID, and asked that Naik provide the exact same information it had originally requested in June of 2010. Counsel for Naik responded that the information had already been submitted two years earlier. On January 4, 2013, USCIS filed a motion with the BIA requesting that it reconsider its October 2011 remand of Naik's I-130 Petition and requesting leave to file a supplemental brief addressing the eight questions the Board presented in its October 2011 remand.

It does not appear that the BIA has, to date, taken any further action on this matter. It has not granted USCIS leave to file its supplemental brief; nor has it agreed to reconsider its October 2011 remand. Nor has USCIS itself taken any further action on Naik's I-130 Petition. Presumably waiting for some action by the BIA in response to its

5

January 2013 submission, USCIS has not, to our knowledge, officially denied Naik's I-130 petition since the Board's October 2011 remand.

On June 29, 2012, Naik filed the instant suit in the United States District Court for the District of New Jersey, seeking, *inter alia*, a judgment declaring the Walsh Act inapplicable to the I-130 Petition and ordering USCIS to approve the I-130 Petition. Naik's lawsuit asserted essentially the same claims made in his initial appeal to the BIA. On May 22, 2013, the District Court granted Defendants' motion to dismiss this lawsuit for lack of jurisdiction on the ground that there was no final agency action. Analyzing the matter under the framework set forth in *Ocean Cnty. Landfill Corp. v. U.S. E.P.A. Region II*, 631 F.3d 652, 655 (3d Cir. 2011), the District Court stated:

> Defendants' denial of the I-130 application does not represent final agency action because it does not mark the consummation of the agency's decisionmaking process. Instead, Plaintiff appealed Defendants' denial of the I-130 petition to the BIA, which remanded the petition to Defendants "for further development of the record." Defendants issued a NOID letter, and Plaintiff recently responded to it. Thus, Defendants' decisionmaking process continues as they reconcile Plaintiff's response to the NOID letter with his I-130 petition and the applicable law. Second, rights and obligations concerning Plaintiff's I-130 petition have not been determined because Defendants may still grant or deny Plaintiff's petition; they have not reached a final conclusion on it. As a result, Defendants' denial of Plaintiff's I-130 petition is not the agency's definitive position on the question or has the status of law with the expectation of immediate compliance. Because Defendants' denial was appealed, it did not have an immediate impact on Plaintiff's day-to-day operations. Moreover, the petition does not involve pure questions of law and requires further factual development because the BIA remanded the case to Defendants with eight questions that had to be examined. Lastly, this Court's immediate review of Plaintiff's I-130

6

> petition would not speed its enforcement. Therefore, this Court does not have subject matter jurisdiction because there is no final agency action.

*Naik v. USCIS*, No. 12-cv-4057 (JAP) (D.N.J. May 22, 2013 (slip op.)). The District Court also noted that there is no "futility" exception to the requirement of final agency action. Finally, the Court held that the lack of final agency action rendered the case unripe for judicial review. *Id.*

Naik brought this timely appeal.[2] In it, he argues that there was final agency action on the statute's retroactivity because the Department of Homeland Security has consistently taken the position that the Walsh Act applies even where the underlying conviction predates the statute's enactment. He argues that the BIA endorsed that position by remanding Naik's petition to USCIS on legal issues other than retroactivity. He further argues that all of the remaining claims he brought in the District Court involve purely legal issues that are ripe for review.

After reviewing the record before us, we conclude that Naik's suit was correctly dismissed for lack of jurisdiction. The APA provides for judicial review of "final agency action," *see* 5 U.S.C. §§ 702 & 704. As noted above, the BIA has yet to respond to or act upon Defendants' January 2013 submission requesting that it reconsider its October 2011 remand. In addition, and perhaps because the remand remains pending, Defendants have not taken any action to officially deny Naik's I-130 Petition since the remand.

---

[2] We exercise jurisdiction in reviewing the final order of the District Court pursuant to 28 U.S.C. § 1291. The District Court granted the motion to dismiss under Rule 12(b)(1) and (6), and thus our review is plenary. *See Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012); *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004).

7

Accordingly, for the reasons the District Court so clearly explained, there is no final agency action, and the District Court lacked subject matter jurisdiction.

We acknowledge that at least three of the issues raised in Naik's appeal and/or in the BIA's October 2011 remand appear to now be conclusively resolved by a trio of precedential opinions regarding the Walsh Act issued subsequent to briefing in this appeal. In *Matter of Aceijas-Quiroz*, 26 I & N Dec. 294 (BIA May 20, 2014), the BIA held that it lacked jurisdiction to review a "no risk" determination made by USCIS under the Walsh Act, and also lacked jurisdiction to review any legal issues surrounding that determination, including the appropriate burden of proof. In *Matter of Jackson*, 26 I & N Dec. 314 (BIA May 20, 2014), the BIA held that "[b]ecause the Adam Walsh Act addresses the potential for future harm posed by . . . sexual predators to the beneficiaries of family-based visa petitions, . . . the application of its provisions to convictions that occurred before its enactment does not have an impermissible retroactive effect." *Id.* at 318. Finally, in *Matter of Introcaso*, 26 I & N Dec. 304 (BIA May 20, 2014), the BIA held that the petitioner has the burden of demonstrating that he has not been convicted of a "specified offense," and that such determination should be made using a "circumstance-specific," rather than categorical or modified categorical approach.

Both Naik and Appellees urge us to hold that, in light of these decisions resolving some of the issues Naik raised in his appeal to the BIA, there exists final agency action that is ripe for review.[3] We note that the agency has not issued any ruling that cites or

---

[3] *See* Appellant's 28(j) Letter, dated May 21, 2014; Appellees' 28(j) Letter, dated May 23, 2014.

relies on these decisions. Moreover, the BIA's decisions in these cases do not dispose of all of the issues raised in Naik's appeal. For example, none of these decisions address Naik's constitutional claims or his claims under the APA.[4] Accordingly, it cannot be the case that these decisions render Naik's BIA appeal moot or the agency's December 2010 denial of Naik's petition final. But even if the BIA's subsequent decisions did conclusively resolve all of the issues raised in Naik's appeal, such resolution would not confer subject matter jurisdiction on the District Court. Absent an action by USCIS officially denying Naik's I-130 Petition, the fact remains that there has been no final agency action for the District Court to review.

Accordingly, we will affirm.

---

[4] USCIS has taken the position that the BIA does not have jurisdiction over Naik's constitutional claims or his claims under the APA. (*See* A129.) However, as USCIS has pointed out, "it is for the BIA to determine whether it has jurisdiction and, if so, whether Naik's petition should be granted." (A147.)