# Matter of Iris INTROCASO, Beneficiary of a visa petition filed by Russell Leopold Introcaso, Petitioner

*Decided May 20, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In a visa petition case involving the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, the petitioner bears the burden of proving that he has not been convicted of a "specified offense against a minor."

(2) In assessing whether a petitioner has been convicted of a "specified offense against a minor," adjudicators may apply the "circumstance-specific" approach, which permits an inquiry into the facts and conduct underlying the conviction to determine if it is for a disqualifying offense.

FOR PETITIONER: Harlan York, Esquire, Newark, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Marc R. Generazio, Associate Counsel

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; GUENDELSBERGER and MANN, Board Members.

GUENDELSBERGER, Board Member:

In a decision dated January 3, 2011, the Service Center Director ("Director") denied the Petition for Alien Relative (Form I-130) filed by the United States citizen petitioner on behalf of the beneficiary as his spouse. The Director concluded that the petitioner is ineligible to have a visa petition approved under the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 ("Adam Walsh Act"). The petitioner has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The petitioner and the beneficiary were married on August 15, 2008. On January 25, 2009, the petitioner filed a visa petition to accord his wife immediate relative status under section 201(b)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b)(2)(A)(i) (2006). The United States Citizenship and Immigration Services ("USCIS") sent a notice of intent to deny the visa petition to the petitioner on May 6, 2009, notifying him of his

apparent ineligibility to petition for his wife. The petitioner's ineligibility is based on his conviction for a "specified offense against a minor," as that term is defined in the Adam Walsh Act. Specifically, on March 22, 1993, the petitioner was convicted of endangering the welfare of children in violation of section 2C:24-4a of the New Jersey Statutes Annotated. He was also convicted of criminal sexual contact in New Jersey on March 23, 2009.

The USCIS requested that the petitioner submit certified copies of police reports, charging documents, trial transcripts, judgments, presentence investigation reports, sentencing documents, probation documents, and any news accounts concerning the convictions. He was also asked to submit evidence concerning any other criminal, violent, or abusive behavior, incidents, arrests, and convictions.

The USCIS also indicated that if the petitioner was determined to have been convicted of a "specified offense against a minor," he must then establish that he poses "no risk" to the safety and well-being of the beneficiary of the visa petition. To prove that he poses "no risk" to the beneficiary, the petitioner could submit certified records reflecting his successful completion of counseling or rehabilitation programs; certified evaluations by psychiatrists, clinical psychologists, or clinical social workers that attest to the degree of his rehabilitation or behavior modification; and evidence demonstrating his good and exemplary service to the community or in the uniformed services.

The petitioner responded with evidence establishing that the victim of his 2009 crime was not a minor. Thus, that offense was not a "specified offense against a minor." The petitioner also submitted the record of conviction and sentencing documents for his 1993 conviction and argued that it was not for a "specified offense against a minor."

After considering the evidence, the Director concluded that the petitioner did not demonstrate that the 1993 conviction for endangering the welfare of children fell outside the definition of a "specified offense against a minor" under the Adam Walsh Act. The Director also concluded that the petitioner did not establish that he poses "no risk" to the beneficiary. The petitioner challenges these determinations on appeal.

## II. ADAM WALSH ACT

The stated purpose of the Adam Walsh Act is "[t]o protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, to promote Internet safety, and to honor the memory of Adam Walsh and other child crime victims." Adam Walsh Act, 120 Stat. at 587. The issues raised in this appeal involve title IV, "Immigration Law Reforms

to Prevent Sex Offenders from Abusing Children."[1]  Specifically, section 402(a)(2) of the Adam Walsh Act, 120 Stat. at 622, amended section 204(a)(1) of the Act, 8 U.S.C. § 1154(a)(1) (2006), by adding a provision barring a United States citizen who has been convicted of a "specified offense against a minor" from having a family-based visa petition approved unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses "no risk" to the alien beneficiary.  Section 204(a)(1)(A)(viii)(I) of the Act.[2]

Title I of the Adam Walsh Act, the "Sex Offender Registration and Notification Act" ("SORNA"), defines a "specified offense against a minor" to mean "an offense against a minor that involves any of the following":

> (A) An offense (unless committed by a parent or guardian) involving kidnapping.
> (B) An offense (unless committed by a parent or guardian) involving false imprisonment.
> (C) Solicitation to engage in sexual conduct.
> (D) Use in a sexual performance.
> (E) Solicitation to practice prostitution.
> (F) Video voyeurism as described in section 1801 of title 18, United States Code.
> (G) Possession, production, or distribution of child pornography.
> (H) Criminal *sexual conduct involving a minor*, or the use of the Internet to facilitate or attempt such conduct.
> (I) Any conduct that by its nature is a *sex offense against a minor*.

Adam Walsh Act § 111(7), 120 Stat. at 592 (codified as amended at 42 U.S.C. § 16911(7) (2006)) (emphases added).  A "minor" is defined as "an individual who has not attained the age of 18 years."  42 U.S.C. § 16911(14).  The offenses included in the definition of a "specified offense against a minor" are a subset of those defined in 42 U.S.C. § 16911(5)(A) as a "sex offense."[3]  Under § 16911(5)(C), an offense involving consensual

---

[1]  Because title IV of the Adam Walsh Act does not include a specific effective date, the date of its enactment, July 27, 2006, is the effective date.  *See Matter of Soriano*, 21 I&N Dec. 516, 519 (BIA 1996) (noting that the lack of an effective date for legislation indicates that the law should be effective on the date of passage).

[2]  Section 204(a)(1)(B)(i) of the Act contains a similar prohibition relating to lawful permanent resident petitioners.

[3]  A "sex offense" is defined in 42 U.S.C. § 16911(5)(A) as follows:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
> (ii)  a criminal offense that is a *specified offense against a minor*;

(continued . . .)

sexual conduct is not a "sex offense" if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

## III.  ANALYSIS

### A.  Burden of Proof

The petitioner has the burden of establishing eligibility to file a visa petition.  *See* 8 C.F.R. § 103.2(b)(1) (2013) (providing that "[a]n applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request"); *see also Matter of Brantigan*, 11 I&N Dec. 493, 495 (BIA 1966).  The Adam Walsh Act does not shift that burden to the Government.  Just as the petitioner must establish that he is a United States citizen or lawful permanent resident and has the requisite familial relationship with the beneficiary, the petitioner must also prove that he has not been convicted of a "specified offense against a minor" or that, despite such a conviction, there is "no risk" to any primary or derivative beneficiary.

In order for the Director to determine whether the petitioner has established that his offense is not a "specified offense against a minor," the petitioner must submit the necessary conviction documents or establish that they are unavailable or cannot reasonably be obtained.  *Cf. Matter of Almanza*, 24 I&N Dec. 771, 775 (BIA 2009) (placing the burden of proof on an applicant for relief from removal to prove that he does not have a disqualifying conviction).

### B.  Determining Whether a Crime is a "Specified Offense Against a Minor"

The petitioner argues that the categorical approach, which is applied in sentencing cases and removal proceedings, should be applied in determining whether a conviction is for a "specified offense against

---

   (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of title 18;

   (iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or

   (v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

(Emphasis added.)

a minor."  The categorical approach focuses on the elements of the offense in assessing whether a crime falls within the parameters of a generic sentencing offense or a ground for removal.  *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also Begay v. United States*, 553 U.S. 137, 141 (2008); *Shepard v. United States*, 544 U.S. 13, 20−26 (2005).  Under the categorical approach, the elements of the statute of conviction must be the same as, or narrower than, those of the generic offense in order to find a categorical match.  *Taylor*, 495 U.S. at 599.  To find that a State statute "creates a crime outside the generic definition of a listed crime" in a Federal statute, there must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."  *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

The USCIS argues that the purpose, structure, and language of the Adam Walsh Act permit an inquiry into the facts and conduct underlying the conviction in determining whether a crime fits within the ambit of a "specified offense against a minor."  In support of its argument, the USCIS relies on *Nijhawan v. Holder*, 557 U.S. 29 (2009), and on two circuit court decisions that applied provisions of the Adam Walsh Act to find that a crime was a "sex offense" in the context of requiring registration as a sex offender in the sentencing phase of a criminal proceeding. *United States v. Dodge*, 597 F.3d 1347, 1354−56 (11th Cir. 2010); *United States v. Mi Kyung Byun*, 539 F.3d 982, 988−90 (9th Cir. 2008).

In *Nijhawan*, the Supreme Court addressed section 101(a)(43)(M)(i) of the Act, 8 U.S.C. § 1101(a)(43)(M)(i) (2006), which defines the term "aggravated felony" to include an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."  The Court held that while the categorical approach applied to determine whether the offense of conviction matched the elements of generic fraud, the "loss to the victim" requirement was to be analyzed under a "circumstance-specific" approach, which permits consideration of the facts and circumstances underlying the conviction.  *See Nijhawan v. Holder*, 557 U.S. at 34−36. Because few, if any, Federal or State statutes include loss as an element of a fraud offense, the Court reasoned that Congress must have intended that a circumstance-specific inquiry could be applied to determine whether the loss was over $10,000.  *Id.* at 39.  Under this approach, courts may look at the documents in the record of conviction and, if they are inconclusive, to other reliable documents or evidence.[4]  The Court found that a party

---

[4]  The record of conviction includes the charging document (indictment, complaint, or information), jury instructions, written plea agreement, transcript of plea colloquy, judgment of conviction, jury verdict, a comparable judicial record, and any explicit

(continued . . .)

stipulation and restitution order in a sentencing document could be consulted in determining the amount of loss. *Id.* at 41−43.

While the categorical approach provides a useful starting point for assessing whether an offense is a "specified offense against a minor" under the Adam Walsh Act, as discussed below, certain provisions of the Adam Walsh Act contain circumstance-specific language that invites inquiry into the underlying facts or conduct of a conviction to determine whether it is for a disqualifying offense. An initial question is whether the age of the victim is a circumstance-specific requirement, rather than a required element of the offense.

In *Nijhawan*, 557 U.S. at 37, the Court included "sexual abuse of a minor" as an example of an aggravated felony offense for which the categorical approach is appropriate, citing cases holding that the age of the victim had to be an element of a crime for it to be a "sexual abuse of a minor" offense. *See, e.g.*, *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc); *Singh v. Ashcroft*, 383 F.3d 144, 164 (3d Cir. 2004). The Court also noted, however, other aggravated felony offenses whose language "almost certainly does not refer to generic crimes but refers to specific circumstances." *Nijhawan*, 557 U.S. at 37; *see also Bianco v. Holder*, 624 F.3d 265, 270−73 (5th Cir. 2010) (relying on *Nijhawan* to find that in determining removability on the basis of a crime of domestic violence, the Board could properly look outside the record of conviction to identify the victim as a spouse, even though the statute of conviction did not include as an element the domestic relationship of the victim to the defendant).

We find that the language and structure of the Adam Walsh Act invite a circumstance-specific inquiry into both the age of the victim and the conduct underlying the offense. In reaching our conclusion, we find it significant that the first five of the listed offenses in the definition of a "specified offense against a minor"—kidnapping, false imprisonment, solicitation to engage in sexual conduct, use in a sexual performance, and solicitation to practice prostitution—are not generally limited to offenses against minors. 42 U.S.C. § 16911(7)(A)−(E). In the case of a kidnapping conviction, for example, the question whether the offense was "against a minor" under the Adam Walsh Act must necessarily be determined by reference to the record of conviction or, if the conviction record is inconclusive, by reference to reliable evidence outside the record. The last two crimes in the definition—"criminal sexual *conduct involving* a minor"

---

factual finding by the trial judge to which the defendant assented. *See Shepard v. United States*, 544 U.S. at 16, 26.

and "*conduct that by its nature* is a sex offense against a minor"—also indicate that the underlying conduct, as well as the minority of the victim, should be determined through a "circumstance-specific" inquiry, rather than by applying the categorical approach. 42 U.S.C. § 16911(7)(H)−(I) (emphases added).

Addressing whether importation of an alien for purposes of prostitution was a "specified offense against a minor," the United States Court of Appeals for the Ninth Circuit emphasized that the statute's inclusion of the word "conduct" suggested that "for the category of 'specified offense[s] against a minor,' it is the underlying 'conduct,' not the elements of the crime of conviction, that matter." *United States v. Mi Kyung Byun*, 539 F.3d at 992 (alteration in original). The court also noted that the first definition of a "sex offense" refers to "a criminal offense *that has an element* involving a sexual act or sexual contact with another," § 16911(5)(A)(i) (emphasis added), but that a "specified offense against a minor" under § 16911(5)(A)(ii) contains no reference to an "element" of a crime. *Id.* at 991−92.

Relying on the legislative history, purpose, and structure of the Adam Walsh Act, the court found that the "specified offense against a minor" definition necessarily invites an inquiry into the facts underlying the conviction to ascertain the age of the victim. *Id.* at 992−94. The court therefore rejected arguments that a strict categorical approach should be applied to preclude examination of the underlying facts. We agree with the Ninth Circuit that Congress intended that such facts could be considered in determining whether a conviction for a generic sexual offense involved a "minor" within the meaning of the Adam Walsh Act. Although *Byun* was decided prior to *Nijhawan*, we find its reasoning to be consistent with the circumstance-specific approach described by the Supreme Court.

The Eleventh Circuit relied on the Ninth Circuit's reasoning in deciding whether a Federal conviction for transferring obscene matter over the internet required registration as a sex offender under the SORNA. *United States v. Dodge*, 597 F.3d at 1353−56. Emphasizing the "general terms" and "broad[]" scope of the offenses described in 42 U.S.C. §§ 16911(7)(H) and (I), the court concluded that the "SORNA permits examination of the defendant's underlying conduct—and not just the elements of the conviction statute—in determining what constitutes a 'specified offense against a minor.'" *Id.* at 1354−55. The court therefore considered the plea colloquy and determined that the conduct underlying the conviction showed that the offense fit within the definition of a "specified offense against a minor" in §§ 16911(7)(H) and (I). *Id.* at 1355.

## C. Application to the Petitioner

We now turn to the petitioner's record of conviction to review whether he has been convicted of a "specified offense against a minor." We begin by examining the terms of the statute of conviction to identify the elements of the offense and the part of the "specified offense against a minor" definition under which the petitioner's crime may fit. The petitioner was convicted in 1993 of endangering the welfare of children under section 2C:24-4(a) of the New Jersey Statutes Annotated, which, at the time the offenses were committed in 1990, provided in relevant part:

> Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child, who engages in sexual conduct which would impair or debauch the morals of the child, or who causes the child harm that would make the child an abused or neglected child . . . is guilty of a crime of the third degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of 16 is guilty of a crime of the fourth degree.

The first sentence of this statute is divisible into two distinct sets of offenses: (1) sexual conduct that would impair or debauch the morals of a child and (2) harm amounting to abuse or neglect. The record of conviction indicates that the petitioner was convicted under two counts of an indictment charging him with "engag[ing] in sexual conduct which would impair or debauch the morals of a child under the age of 16" in violation of section 2C:24-4(a). It therefore establishes that the petitioner was convicted under the "sexual conduct" portion of the statute. *See Johnson v. United States*, 559 U.S. 133, 144 (2010) (stating that where a statute is divisible, the record of conviction may be consulted "to determine which statutory phrase was the basis for the conviction").

We next consider whether the offense was "against a minor" and whether it is one of the "specified offenses" listed in 42 U.S.C. § 16911(7). There is no dispute that the offense in this case involved a minor because the portion of the New Jersey statute under which the petitioner was convicted includes an element requiring that the victim be a child. However, under the Adam Walsh Act, an offense involving consensual sexual conduct is not a "sex offense" if the victim was at least 13 years old and the offender was not more than 4 years older than the victim. 42 U.S.C. § 16911(5)(C). Because offenses included in the definition of a "specified offense against a minor" are a subset of those included in the term "sex offense," this age difference aspect of the definition of a "minor" must be taken into account.

The record in this case establishes the requisite age difference. Count 13 of the indictment specifies the birth date of the victim and states that she was under 16 at the time of the offense. The petitioner's birth date is indicated in a presentence investigation report. These documents show that the petitioner was more than 4 years older than the victim, and the petitioner has produced no evidence to the contrary.

Having determined that the petitioner's offense involved a minor, we next address whether it fits within one of the nine categories listed in the definition of a "specified offense against a minor." We find that the offense—engaging in sexual conduct which would impair or debauch the morals of a child under the age of 16—falls within the catchall provision of § 16911(7)(I), which refers to "[a]ny conduct that by its nature is a sex offense against a minor." *See United States v. Dodge*, 597 F.3d at 1355 ("[W]e reject the argument that the phrase 'against a minor' requires contact with or opposition by the minor. . . . In our view, the word 'against' in the phrase 'against a minor' simply means the conduct as applied to the age of the victim (i.e., 'against a minor' as opposed to 'against an adult').").

We also find that the offense clearly fits under § 16911(7)(H), which includes "[c]riminal sexual conduct involving a minor." The petitioner argues that his offense, as charged, does not require sexual contact or a sexual act with the child. However, the reference to "criminal sexual conduct" in § 16911(7)(H) covers not just offenses involving sexual contact or sexual coercion but any sexual "conduct" involving a minor. In this regard, "sexual conduct which would impair or debauch the morals of [a] child" is necessarily sexual conduct involving a minor. *See Stubbs v. Att'y Gen. of U.S.*, 452 F.3d 251, 255−56 (3d Cir. 2006) (finding that "engag[ing] in sexual conduct which would impair or debauch the morals of a child under the age of 16" under New Jersey law did not require sexual contact with the child and covered a broader range of conduct than the aggravated felony "sexual abuse of a minor" provision in section 101(a)(43)(A) of the Act).

The petitioner has not provided an example of a conviction under the "sexual conduct" portion of section 2C:24-4(a) that is outside the scope of the "specified offense against a minor" definition at either § 16911(7)(H) or (I). *See Gonzales v. Duenas-Alvarez*, 549 U.S. at 193 (stating that to find that a State statute creates a crime outside the generic definition of a listed crime in a Federal statute requires a "realistic probability, not a theoretical possibility," that the statute was so applied in the case in question or in other cases). Therefore, the petitioner has not met his burden of demonstrating that he has not been convicted of a "specified offense against a minor."

D.  "No Risk" Determination

As we concluded in *Matter of Aceijas-Quiroz*, 26 I&N Dec. 294 (BIA 2014), we do not have jurisdiction to review the Director's "no risk" determination, which has been delegated to the "sole and unreviewable discretion" of the Secretary of Homeland Security.

## IV.  CONCLUSION

Having found that the petitioner was convicted of a "specified offense against a minor" and that we lack jurisdiction to review issues involving the Director's "no risk" determination under the Adam Walsh Act, we will dismiss the petitioner's appeal.

**ORDER:**  The appeal is dismissed.