# Matter of Perla IZAGUIRRE, Beneficiary of a visa petition filed by Aurelio Izaguirre-Aguilera, Petitioner

*Decided July 21, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An offense may be a "specified offense against a minor" within the meaning of section 111(7) of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, 592, even if it involved an undercover police officer posing as a minor, rather than an actual minor.

FOR PETITIONER: Aseph Almas, Esquire, Houston, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Steven T. Plastrik, Assistant Counsel

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; GUENDELSBERGER and MANN, Board Members.

MANN, Board Member:

On April 3, 2013, the Acting Service Center Director ("Director") denied the Petition for Alien Relative (Form I-130) that the United States citizen petitioner filed on behalf of his beneficiary spouse. The Director concluded that the petitioner was barred from obtaining an approved visa petition by the provisions of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 ("Adam Walsh Act"). The petitioner has appealed from the Director's decision. The appeal will be dismissed.

On February 6, 2007, the petitioner was convicted of computer-aided solicitation of a minor in violation of section 14:81.3 of the Louisiana Statutes, which then provided in relevant part as follows:

> Computer-aided solicitation of a minor is committed when a person eighteen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of eighteen or a person reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime of violence . . . , or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or person reasonably believed to have not yet attained the age of eighteen.

The Director denied the petitioner's visa petition after concluding that his conviction was for a "specified offense against a minor" under the Adam Walsh Act. Section 204(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1154(a)(1) (2006), was amended by section 402(a)(2) of the Adam Walsh Act, 120 Stat. at 622, to preclude a United States citizen who has been convicted of a "specified offense against a minor" from obtaining an approved family-based visa petition "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien" beneficiary. Section 204(a)(1)(A)(viii)(I) of the Act.

A "specified offense against a minor" is defined in the Adam Walsh Act as "an offense against a minor" that involves any of the following:

(A) An offense (unless committed by a parent or guardian) involving kidnapping.
(B) An offense (unless committed by a parent or guardian) involving false imprisonment.
(C) Solicitation to engage in sexual conduct.
(D) Use in a sexual performance.
(E) Solicitation to practice prostitution.
(F) Video voyeurism as described in section 1801 of title 18, United States Code.
(G) Possession, production, or distribution of child pornography.
(H) *Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.*
(I) Any conduct that by its nature is a sex offense against a minor.

Adam Walsh Act, § 111(7), 120 Stat. at 592 (codified as amended at 42 U.S.C. § 16911(7) (2012)) (emphasis added).

The petitioner first argues that his conviction record does not identify the statute under which he pled guilty. However, it is the petitioner's burden to "prove that he has not been convicted of a 'specified offense against a minor.'" *Matter of Introcaso*, 26 I&N Dec. 304, 307 (BIA 2014).[1] Moreover, the petitioner concedes in his brief that he pled guilty to computer-aided solicitation of a minor, and he states in his notice of appeal that he violated section 14:81.3 of the Louisiana Statutes. Thus, the record sufficiently establishes that the petitioner was convicted of computer-aided solicitation of a minor under Louisiana law.

The petitioner next argues that his offense is not a "specified offense against a minor" under the Adam Walsh Act because no minor was involved in his offense. In this regard, the petitioner's conviction record reflects that

---

[1] To the extent that the petitioner makes other arguments regarding the appropriate burden of proof, those arguments are foreclosed by *Matter of Introcaso*, where we held that "[t]he petitioner has the burden of establishing eligibility to file a visa petition" and that the Adam Walsh Act "does not shift that burden to the Government." *Matter of Introcaso*, 26 I&N Dec. at 307; *see also* 8 C.F.R. § 103.2(b)(1) (2017).

he communicated via the Internet with an individual who he believed was a 14-year-old girl, but who was actually an undercover police officer. He therefore asserts that we should consider the circumstances of his case, which indicate that his offense did not involve a minor. *See Matter of Introcaso*, 26 I&N Dec. at 309 (holding that the Adam Walsh Act permits a circumstance-specific inquiry into the conduct underlying a petitioner's offense).

The United States Citizenship and Immigration Services ("USCIS") argues, inter alia, that an actual minor need not be victimized for the Adam Walsh Act to apply. According to the USCIS, a perpetrator who interacts with a person he believes is a minor, but who is, in fact, an undercover police officer, has the same intent as one who actually interacts with a minor. Therefore, excluding such perpetrators from the reach of the Adam Walsh Act provisions would be contrary to the intent of the statute.

The USCIS also contends that 42 U.S.C. § 16911(7)(H)—which refers to "[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct"—specifically covers the petitioner's attempt to solicit a minor. In support of its position, the USCIS cites to cases that have applied the Adam Walsh Act to crimes that do not involve actual minors. *See United States v. Schuetz*, No. 12-mj-3046, 2012 WL 3185905, at *3–5 (C.D. Ill. Aug. 2, 2012) (holding that the use of interstate commerce to transfer obscene matter to a minor involved a minor victim, even though the defendant sent obscene material to an undercover officer posing as a minor); *United States v. Rizzuti*, 611 F. Supp. 2d 967, 969–70 (E.D. Mo. 2009) (stating that the Adam Walsh Act "requires only that the person charged believe the victim" to be a minor).

Notably, the United States Court of Appeals for the Eleventh Circuit has interpreted § 16911(7) as encompassing the transfer of obscene material via the Internet to an undercover police officer whom the defendant believed to be a minor. *United States v. Dodge*, 597 F.3d 1347, 1350–51, 1355–56 (11th Cir. 2010). Although a different provision of the Adam Walsh Act was at issue in *Dodge*, we find it instructive that the court rejected "the argument that the phrase 'against a minor' requires contact with or opposition by the minor," stating that the "language of the statute imposes no such requirement." *Id.* at 1355. The court concluded that because the defendant "believed the victim was a minor, the word 'against' [was] a non-issue." *Id.* We find the Eleventh Circuit's analysis to be persuasive and note that it found the defendant's conduct to be "strikingly similar" to the offense of "[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct" in § 16911(7)(H). *Id.* at 1356.

We acknowledge that one Federal district court has held that mandatory pretrial release conditions under the Adam Walsh Act do not apply "to the

offense of interstate travel with the intent to engage in illicit sexual conduct with another person when that person, though thought to be a minor, is actually an adult posing as a fictitious minor." *United States v. Kahn*, 524 F. Supp. 2d 1278, 1281−84 (W.D. Wash. 2007). The court reached its holding after concluding that the plain meaning of the phrase "minor victim" under the relevant portion of the Adam Walsh Act only includes "a child harmed by a crime"—it "does not encompass [an] undercover detective or [a] fictitious" minor. *Id.* at 1282.

However, § 16911(7)(H) refers not only to the use of the Internet to facilitate criminal sexual conduct with a minor, but also to the use of the Internet to *attempt to* engage in such conduct. The word "attempt" in § 16911(7)(H) undermines the plain language approach in *Kahn*. *See, e.g.*, *United States v. Helder*, 452 F.3d 751, 753–56 (8th Cir. 2006) (citing other circuit court decisions in holding that "an actual minor victim is not required" to support a conviction for using the Internet to attempt to entice a minor to engage in illegal sexual activity).

Moreover, the purpose of the Adam Walsh Act, "to protect the public from . . . offenders against children," further indicates that Congress meant to target those offenders who commit a specified crime with the intent to harm children, whether or not the victim was, in fact, a child. Adam Walsh Act, § 102, 120 Stat. at 590; *see also Dodge*, 597 F.3d at 1355 ("Congress cast a wide net to ensnare as many offenses against children as possible."). We are therefore persuaded by the reasoning in *Schuetz*, which concluded that *Kahn*'s reading of the statute is at odds with the stated intent of the Adam Walsh Act, which is to "protect children." *Schuetz*, 2012 WL 3185905, at *3−4 (quoting Adam Walsh Act, 120 Stat. at 587).

Under the approach outlined in *Kahn*, a person convicted of soliciting an actual minor would be barred from filing a family-based visa petition, while one who intended to solicit a minor but actually solicited an undercover police officer would not be so barred by a conviction for the same crime. By excluding offenses involving undercover police officers impersonating minors from the reach of the Adam Walsh Act, the court in *Kahn* exempts a category of offenders who have the same intent and pose the same risk to children as those whose victim was actually a minor. This was the very intent and risk that Congress addressed when it enacted § 16911(7).

Further, Congress did not use the term "actual minor" in § 16911(7), even though it used that phrase in a similar statute intended to protect children that was enacted 3 years earlier. *See* Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, §§ 502(c), (d), 503(1)(a), 505, 117 Stat. 650, 679–80, 683. We also find it significant that Congress used the word "actual" to modify the term "human being" in other provisions of the Adam Walsh Act. Adam Walsh Act,

§§ 502(a)(1), (4), 503(a), 120 Stat. at 625–26.  We therefore agree with the USCIS that Congress' explicit inclusion of the word "actual" to define a category of individuals in not only a different statute, but also in other provisions of the Adam Walsh Act, indicates that Congress knew how to limit the phrase "specified offense against a minor" to an offense against an "actual" minor but chose not to do so in § 16911(7).  *See Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) ("[W]here Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original) (citation omitted)).  Like the court in *Rizzuti*, 611 F. Supp. 2d at 970, we decline to read the word "actual" into the Adam Walsh Act when Congress clearly chose to omit it.

Having considered the arguments of the parties, the relevant statutory language, and the above case law, we hold that the petitioner's offense is a "specified offense against a minor" within the meaning of § 16911(7), even though it involved an undercover police officer posing as a minor, rather than an actual minor.[2]  Consequently, his conviction bars him from obtaining an approved visa petition under section 204(a)(1)(A)(viii)(I) of the Act, unless he can establish that he poses "no risk" to the safety and well-being of the beneficiary.

To the extent that the petitioner challenges the Director's "no risk" determination, we lack jurisdiction to review such a determination, including the appropriate standard of proof to be applied.  *Matter of Aceijas-Quiroz*, 26 I&N Dec. 294, 297 (BIA 2014) (holding that the "no risk" determination has been delegated to the "sole and unreviewable discretion" of the USCIS).

The petitioner has submitted additional evidence on appeal.  However, where, as here, the petitioner has been put on notice of a deficiency in the evidence and has been given an opportunity to respond to that deficiency, we will not accept evidence offered for the first time on appeal.  *See, e.g.*, *Matter of Soriano*, 19 I&N Dec. 764, 766 (BIA 1988).  The petitioner may file a new visa petition that is supported by additional evidence to establish that he is eligible to confer immigration benefits on the beneficiary.  Accordingly, the petitioner's appeal will be dismissed.

**ORDER:**  The appeal is dismissed.

---

[2]  Section 2G1.3 of the United States Sentencing Guidelines Manual, which is related to sexual offenses against children, lends additional support to our holding.  Commentary to that section defines the term "minor" as, inter alia, "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years."  U.S. Sentencing Guidelines Manual § 2G1.3 cmt. n.1 (U.S. Sentencing Comm'n 2016).