# Matter of Yovany CALCANO DE MILLAN, Beneficiary of a visa petition filed by Jorge Arturo Millan, Petitioner

*Decided January 12, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

For purposes of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, and section 204(a)(1)(A)(viii)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1154(a)(1)(A)(viii)(I) (2012), a United States citizen or lawful permanent resident petitioner has been "convicted" of an offense where either a formal judgment of guilt has been entered by a court or, if adjudication of guilt has been withheld, where (1) a plea, finding, or admission of facts established the petitioner's guilt and (2) a judge ordered some form of punishment, penalty, or restraint on his or her liberty.

FOR PETITIONER: Marie-A. Michaud, Esquire, Torrance, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Peter N. Schmalz, Deputy Chief

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; GUENDELSBERGER and MANN, Board Members.

MANN, Board Member:

In a decision dated July 3, 2012, the Service Center Director ("Director") denied the Petition for Alien Relative (Form I-130) filed by the United States citizen petitioner on behalf of his beneficiary spouse. The Director concluded that the petitioner is barred from obtaining an approved visa petition by the provisions of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 ("Adam Walsh Act"). The petitioner has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2001, the petitioner was convicted of sexual battery by restraint in violation of section 243.4(a) of the California Penal Code. The Director decided that the conviction is for a "specified offense against a minor," as defined in section 111(7) of the Adam Walsh Act, 120 Stat. at 592 (codified as amended at 42 U.S.C. § 16911(7) (2012)). He further determined that

the petitioner has not established that he poses no risk to the beneficiary, which would permit the visa petition to be approved notwithstanding his conviction. The Director therefore concluded that the petitioner is ineligible to have the visa petition approved as a result of his conviction.

The petitioner conceded that he was convicted of sexual battery, had his sentence to 4 years of imprisonment suspended, and was required to comply with California's sex offender registration requirements. However, he submitted records showing that his conviction was set aside in 2006 pursuant to section 1203.4 of the California Penal Code and argued that he was therefore not "convicted" of a specified offense against a minor under the Adam Walsh Act.

The Director concluded that the petitioner's post-conviction relief under section 1203.4 does not negate his conviction for purposes of the Adam Walsh Act because it was obtained pursuant to a rehabilitative statute, rather than as a result of a procedural or substantive defect in the underlying criminal proceedings. In support of this conclusion, the Director cited Board precedent regarding the effect of post-conviction relief on the immigration consequences of criminal convictions, including *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003), *Matter of Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000), and *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999). According to the petitioner, these decisions are inapposite because they address the definition of a "conviction" in section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (2012), which he argues relates only to aliens and is therefore inapplicable to United States citizens like himself.

We requested supplemental briefing on whether the definition of the term "conviction" in section 101(a)(48)(A) applies to United States citizens in proceedings under section 204 of the Act, 8 U.S.C. § 1154 (2012), and whether our case law regarding the effect of post-conviction relief is applicable in visa petition proceedings. We appreciate the thoughtful briefs submitted by the parties.

## II. ANALYSIS

Generally, under section 204(a)(1)(A)(i) of the Act, "any citizen of the United States" may file a visa petition based on a qualified relationship. However, that section further states that its provisions "shall not apply to a citizen of the United States who has been *convicted* of a specified offense against a minor." Section 204(a)(1)(A)(viii)(I) of the Act (emphasis added). Such a citizen may only obtain an approved visa petition if the Secretary of Homeland Security determines that the citizen presents "no risk" to a beneficiary of the petition. *Id.*

A.  Conviction

The parties agree that the Adam Walsh Act and section 204(a)(1)(A)(viii)(I) of the Act do not provide a definition of the term "conviction" that is specifically applicable to United States citizens in visa petition proceedings.  However, section 101(a)(48)(A) of the Act does define the term "conviction" as follows:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

This provision explicitly defines the term "conviction" with respect to "an alien."  The requirements for establishing a "conviction" are also defined with reference to "the alien."  However, section 101(a) of the Act states that it defines terms "[a]s used in this Act."  Section 204(a)(1)(B)(i) also extends the provisions of the Adam Walsh Act to lawful permanent residents, so the definition in section 101(a)(48)(A) necessarily applies to lawful permanent resident aliens who file a visa petition on behalf of a relative.  We see no reason to apply a different interpretation of the term "conviction" to United States citizens and therefore find it appropriate to adopt a definition for purposes of section 204(a)(1)(A)(viii)(I) of the Act that is consistent with section 101(a)(48)(A).

With regard to the applicability of section 101(a)(48)(A) to citizens, we recognize that although the term "conviction" is commonly used in legal parlance, it lacks a single common meaning.  *See Clarke v. United States*, 184 So. 3d 1107, 1113 (Fla. 2016) (observing that "conviction" is "a '"chameleon-like" term that has drawn its meaning from the particular statutory context in which the term is used'" (quoting *State v. McFadden*, 772 So. 2d 1209, 1215 (Fla. 2000))); *see also United States v. Bridges*, 741 F.3d 464, 470 (4th Cir. 2015) (discussing the ambiguity of  the term "conviction" in the Sex Offender Registration and Notification Act ("SORNA") at 42 U.S.C. § 16911(1)); *Herrera-Inirio v. INS*, 208 F.3d 299, 305 (1st Cir. 2000) (noting that Congress enacted section 101(a)(48)(A) of the Act "to produce the desired uniformity" in the definition of a "conviction").

In light of the ambiguous meaning of the term "conviction," we consider it proper to provide a uniform definition that applies to section 204(a)(1)(A)(viii)(I) of the Act with respect to United States citizen

petitioners.  A single definition is consistent with the goal of administering this Federal statute in a uniform manner.  *See Matter of Small*, 23 I&N Dec. 448, 450 (BIA 2002) (acceding to appellate court authority "in the interest of uniform application of the immigration laws"); *see also Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir. 2004) (noting that there is a "strong interest in national uniformity in the administration of immigration laws"); *United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir. 1997) (stating that "in the absence of clear language to the contrary, federal law governs the application of federal legislation").

Accordingly, we conclude that a definition of the term "conviction" that includes the same elements as those in section 101(a)(48)(A) of the Act should be adopted for the purpose of determining whether a United States citizen petitioner has been "convicted" within the meaning of section 204(a)(1)(A)(viii)(I) of the Act.  Therefore, a United States citizen petitioner will be considered to have been "convicted" of an offense where either a formal judgment of guilt has been entered by a court or, if adjudication of guilt has been withheld, where (1) a plea, finding, or admission of facts established the petitioner's guilt and (2) a judge ordered some form of punishment, penalty, or restraint on his or her liberty.

This definition is consistent with the purpose of the Adam Walsh Act "[t]o protect children from sexual exploitation and violent crime" and is within the scope of Federal and State provisions pertaining to sex offenders that have been adopted to protect public safety.  Adam Walsh Act, 120 Stat. at 587; *see also* 42 U.S.C. § 16901 (stating that the purpose of the Adam Walsh Act is "to protect the public from . . . offenders against children").  It is also consistent with guidelines set forth by the Attorney General regarding the implementation of the SORNA, which is title I of the Adam Walsh Act.  *See* Office of the Attorney General; The National Guidelines for Sex Offender Registration and Notification, 72 Feg. Reg. 30,210 (May 30, 2007).  Those guidelines provide that an offender who has been subject to penal consequences as the result of an offense has been "convicted," regardless of the terminology employed in the particular system of criminal justice or any subsequent action to limit the public availability of the conviction for reasons other than the ground of innocence.  *Id.* at 30,216.[1]

---

[1]  The Federal Sentencing Guidelines also provide support for this interpretation.  The guidelines state that a "diversionary disposition *resulting from a finding or admission of guilt*, *or a plea of nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted."  U.S. Sentencing Guidelines Manual § 4A1.2(f) (U.S. Sentencing Comm'n 2016) (emphasis added).

### B.  Effect of Section 1203.4 of the California Penal Code

We are unpersuaded by the petitioner's argument that he does not have a "conviction" within the meaning of the Adam Walsh Act because he was granted rehabilitative relief in 2006 under section 1203.4(a)(1) of the California Penal Code.  *See People v. Mgebrov*, 82 Cal. Rptr. 3d 778, 781 (Cal. Ct. App. 2008) (discussing the function and purpose of section 1203.4).  While we recognize that the petitioner was "released from all penalties and disabilities resulting from the offense of which he or she has been convicted" pursuant to section 1203.4(a)(1), there are considerable limitations on such rehabilitative relief under California law.  *See Matter of Marroquin*, 23 I&N Dec. 705, 714 n.7 (A.G. 2005) (citing *Matter of Luviano*, 21 I&N Dec. 235, 246–47 (BIA 1996) (Hurwitz, dissenting)).

For instance, although section 1203.4(a)(1) indicates that an offender will generally be released from disabilities resulting from his or her conviction, it does not affect the existence of a conviction for the purpose of revoking or suspending a driver's license.  Additionally, it provides that the prior conviction continues to exist for the purpose of any subsequent criminal proceedings and must be disclosed in any application for public office or licensure by a State or local agency.

According to section 1203.4(a)(2) of the California Penal Code, dismissal of the conviction does not remove any of the restrictions of a conviction that affect an individual's ability to own or possess a firearm. Moreover, section 1203.4(a)(3) does not permit a dismissal to remove any criminal prohibitions on an offender's eligibility for public office.  Finally, section 290.007 of the California Penal Code requires a sex offender to continue to register "regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5."  In view of these limitations, we are not convinced that the petitioner's rehabilitative treatment under section 1203.4 has any effect on his conviction for purposes of the Adam Walsh Act and section 204(a)(1)(A)(viii)(I) of the Act.

### C.  Treatment of Sex Offenders in Other States

Like California, most States also place limitations on their rehabilitative statutes for sex offenders and permit various disabilities to continue to inhere, even where a State may otherwise offer rehabilitative relief. These disabilities include requirements that a defendant register as a sex

offender notwithstanding a deferred adjudication or participation in a similar diversionary program.[2]

A consistent policy goal is apparent from the considerable number of States that expressly prohibit sex offenders from benefitting from diversionary adjudicative processes and post-conviction relief statutes, particularly where the victim of such an offense is a minor.[3] We therefore

---

[2] *See* Ala. Code § 15-20A-4(4) (2016); Alaska Stat. Ann. § 12.63.100(3) (West 2016); Ark. Code Ann. § 12-12-905 (West 2016); Colo. Rev. Stat. Ann. § 16-22-102(3) (West 2016); Fla. Stat. Ann. § 943.0435(1)(b) (West 2016); Ind. Code Ann. § 35-38-9-6(e) (West 2016); La. Stat. Ann. § 15:541(7) (2016); Neb. Rev. Stat. Ann. § 29-2264(5)(j) (West 2016); S.C. Code Ann. § 23-3-430(F) (2016); Tenn. Code Ann. § 40-39-212 (West 2016); Tex. Code Crim. Proc. Ann. art. 62.001(5) (West 2015); Utah Code Ann. § 77-41-109(2) (West 2016); *Doe v. Brown*, 99 Cal. Rptr. 3d 209, 210–11 (Cal. Ct. App. 2009) (holding that a person who obtained relief under section 1203.4 of the California Penal Code remains subject to sex offender publication provisions); *State v. Robinson*, 142 P.3d 729, 732–33 (Idaho 2006) (holding that dismissal of a case under section 19-2604(1) of the Idaho Code does not eliminate the requirement to register as a sex offender); *R.W. v. Sanders*, 168 S.W.3d 65, 71 (Mo. 2005) (en banc) (holding that a suspended imposition of sentence does not exempt a person who pled guilty to a sex offense from having to register as a sex offender); *Smith v. Devane*, 898 N.Y.S.2d 702, 703–04 (N.Y. App. Div. 2010) (holding that deferred adjudication after a guilty plea to a sex offense in Texas constitutes a conviction in New York that requires registration as a sex offender); *see also* Ga. Code Ann. § 42-1-12(8) (West 2016) (providing that a defendant who is discharged without adjudication of guilt must register as a sex offender until completion of the sentence); Vt. Stat. Ann. tit. 13, § 5401(15) (West 2016) (defining a "conviction" to include a judgment of guilt pursuant to a deferred sentence but releasing a sex offender from the duty to register after successful completion of a deferred sentence). *But see* N.M. Stat. Ann. § 29-11A-3(B) (West 2016) (providing that a "conviction" includes a deferred sentence but not a conditional discharge); *Walters v. Cooper*, 739 S.E.2d 185, 187–88 (N.C. Ct. App. 2013) (holding that a "prayer for judgment continued" is not a final conviction and does not trigger sex offender registration obligations), *aff'd per curiam*, 748 S.E.2d 144 (N.C. 2013) (mem.); *People in Interest of Z.B.*, 757 N.W.2d 595, 599 (S.D. 2008) (noting that adult defendants who receive a suspended imposition of sentence and comply with certain requirements may be removed from the sex offender registry).

[3] *See* Ariz. Rev. Stat. Ann. § 13-907(E)(4) (2016); Ark. Code Ann. § 16-93-303(a)(1)(B) (West 2016); 20 Ill. Comp. Stat. Ann. 2630/5.2(a)(1)(L), (3)(A)(i) (West 2016); Kan. Stat. Ann. § 21-6614(e) (West 2016); Ky. Rev. Stat. Ann. § 533.250(1)(d) (West 2016); Mich. Comp. Laws Ann. § 780.621(3) (West 2016); Nev. Rev. Stat. Ann. § 179.245(5)(a) (West 2015); N.J. Stat. Ann. § 2C:52-2(b) (West 2016); Okla. Stat. Ann. tit. 22, § 991c(G) (West 2016); Utah Code Ann. § 77-40-105(2)(a)(vi) (West 2016); Vt. Stat. Ann. tit. 13, § 7041(c) (West 2016); Wash. Rev. Code Ann. § 9.94A.640(2) (West 2016); *Smith v. Com.*, 743 S.E.2d 146, 148 (Va. 2013) (noting that after enactment of the Adam Walsh Act, Virginia passed legislation limiting the availability of expungement for certain sex offenses); *cf.* D.C. Code. Ann. §§ 16-801(8), (9)(C), 16-803(c) (West 2016) (excluding a person convicted of an offense for which sex

(continued . . .)

conclude that the substantial limits on rehabilitative relief for sex offenses that exist in the majority of the States support the adoption of a uniform definition of a "conviction" for purposes of the Adam Walsh Act that recognizes a conviction where there has been an adjudication or admission of guilt or responsibility and the imposition of a punishment, even if the offender is afforded some measure of relief under a rehabilitative statute.[4] *See Matter of Salazar*, 23 I&N Dec. 223, 230 (BIA 2002).

## D. Remaining Arguments

We also reject the petitioner's alternative argument that his violation of section 243.4(a) of the California Penal Code does not constitute a "specified offense against a minor." In support of this assertion, the petitioner relies on *Sanchez-Avalos v. Holder*, 693 F.3d 1011 (9th Cir. 2012), *abrogated in part by Descamps v. United States*, 133 S. Ct. 2276 (2013). In that case, the court found that sexual battery in violation of section 243.4(a) of the California Penal Code could not qualify as an aggravated felony "sexual abuse of a minor" offense under a categorical analysis because the age of the victim was not an element of the statute. *Id.* at 1016–19.

However, in *Matter of Introcaso*, 26 I&N Dec. 304, 309−10 (BIA 2014), we concluded that an adjudicator is not limited to a categorical analysis of a State statute in determining whether a petitioner's conviction is for a "specified offense against a minor." We held instead that the "circumstance-specific approach" discussed in *Nijhawan v. Holder*, 557 U.S. 29 (2009), is appropriate because it permits inquiry into the facts and circumstances of the offense to ascertain both the age of the victim and the conduct underlying the conviction.

The record in this case reflects that the petitioner was charged with six offenses that were ultimately dismissed as part of a plea agreement. All of those charges identified the victim as a child under the age of 14 or 15.

_____

offender registration is required from eligibility for sealing of criminal records); Miss. Code Ann. § 99-15-26(1)(a)–(b) (West 2016) (providing that the procedure for withholding of acceptance of a plea and sentence is not available for "crimes against the person"); Mont. Code Ann. §§ 46-18-201, -204, -205(1) (West 2015) (providing that the dismissal of charges after the deferred imposition of a sentence is unavailable for certain sex offenses).

[4] Although rehabilitative procedures do not affect the determination whether a petitioner has been "convicted of a specified offense against a minor" under the Adam Walsh Act, the petitioner may nevertheless submit information regarding any rehabilitative relief to the Director to establish that he or she presents no risk to the beneficiary of the visa petition. *See generally Matter of Introcaso*, 26 I&N Dec. 304 (BIA 2014).

The petitioner submitted no evidence that the remaining charge of which he was convicted did not arise from the same complainant or that the victim was not a child. Further, as the Director noted, the petitioner submitted an investigative background report indicating that the victim was a minor and that he agreed to plead guilty to the remaining charge of sexual battery as part of a plea agreement.

Although the petitioner was given an opportunity to dispute that the victim of the offense was a minor, he has not done so. We therefore conclude that the Director properly examined the circumstances surrounding the petitioner's offense in ascertaining whether his conviction brought him within the ambit of the Adam Walsh Act. Accordingly, we affirm the Director's determination that the petitioner did not meet his burden of establishing that he was not convicted of a specified offense against a minor. *See Matter of Introcaso*, 26 I&N Dec. at 307.

The petitioner also argues that the Director erred in assessing the risk he may present to the beneficiary. However, we lack jurisdiction to consider the Director's assessment in this regard because Congress committed the "no risk" determination to the "sole and unreviewable discretion" of the Secretary of the Department of Homeland Security. *See Matter of Aceijas-Quiroz*, 26 I&N Dec. 294, 297, 300 (BIA 2014).

Finally, to the extent that the petitioner claims that the Adam Walsh Act provision at section 204(a)(1)(A)(viii)(I) of the Act is unconstitutional, we have held that as a general matter, we may not entertain constitutional challenges to the provisions of the Act. *See, e.g.*, *id.* at 301.

## III. CONCLUSION

For the foregoing reasons, we conclude that the Director properly found that the petitioner was convicted of a specified offense against a minor under section 204(a)(1)(A)(viii)(I) of the Act. We lack jurisdiction to review the Director's determination that the petitioner did not establish he poses no risk to the beneficiary of the visa petition. Accordingly, the petitioner's appeal will be dismissed.

**ORDER:** The appeal is dismissed.